30086. HARRIS et al. v. THE STATE.

INGRAM, Justice.

Appellants, Esker Mean Harris, Jr. and Samuel Vickers, were indicted and tried for the offenses of armed robbery and aggravated assault in Fulton Superior Court. The jury returned a verdict of guilty on all counts and penitentiary sentences were imposed upon both defendants. A motion for new trial was overruled in the trial court and the convictions are here for review. We find no reversible error and affirm the trial court.

The errors enumerated on appeal consist of the trial court's failure to grant a new trial and the trial court's instructions to the jury covering the bifurcated trial procedure in certain felony cases and the law relating to flight.

At the trial, R. V. McDaniel, the owner of the Wagonmaster Tavern on Moreland Avenue in Atlanta,

testified that around 1:15 a.m. on February 22, 1974, three armed black men wearing ski masks entered the tavern and proceeded to rob the cash register. Two of the robbers had pistols and they pointed one of them at the head of the barmaid and dragged her across the floor as they attempted to leave the tavern. The third robber was armed with a rifle and he opened fire with it, spraying the tavern and wounding the owner in his right arm. The owner returned his fire shooting the robber and he was found dead lying on the sidewalk outside the tavern. The other two robbers fled and escaped the scene.

The owner of the tavern also testified that about 25 minutes prior to the robbery three black males entered the tavern. The tavern proprietor recognized the dead robber as one of these three black men who had entered the tavern prior to the robbery. In addition, the tavern owner, McDaniel, testified that about nine days after the robbery he saw appellant Vickers at a liquor store near the tavern and noted Vickers' automobile tag number with the last three numbers ending 3-1-6 on a 1965 or 1966 Oldsmobile. McDaniel gave this information to the police and subsequently identified appellant Vickers at a lineup as one of the three black males who had entered the tavern approximately 25 minutes prior to the robbery and as one of the robbers. McDaniel identified appellant Harris as a "look-alike" of the third black male but could not positively identify him at the lineup.

Nancy Durham, manager of the tavern, corroborated the testimony of the owner, McDaniel, on the events of the robbery but could not identify the appellants as two of the perpetrators. Detective W. R. Plough testified that during the course of his investigation of the robbery he obtained information from an informant which led to the procurement of a warrant for appellant Harris. After being advised of his rights, appellant Harris made a statement to the officers in which he admitted his participation in the robbery and stated, ". . . I heard a lot of shot and I ran, but I tripped [and] fell and dropped the money. We ran through the woods and went to Gail Brown's house." Appellant Harris testified that upon his arrest the detective gave him a statement to sign under the threat of being "sent away for life" unless he signed

the statement. Appellant Harris also denied at the trial any participation in the robbery.

"The evidence . . . must be reviewed on appeal in the light most favorable to the verdict rendered (*Green v. State,* 123 Ga. App. 286 (180 SE2d 564)), and it appears after studying the record that the evidence was more than sufficient to authorize the . . . verdict. *Wilburn v. State,* 230 Ga. 675 (198 SE2d 857)." *Jackson v. State,* 234 Ga. 153, 154 (215 SE2d 2). See also, *Teal v. State,* 234 Ga. 159 (1) (214 SE2d 888), and *Code v. State,* 234 Ga. 90, 96-100 (214 SE2d 873).

Appellants contend in their second enumeration of error that the trial court erred in instructing the jury that the law (Code Ann. § 27-2534) provides for a bifurcated trial in felony cases and then explaining this procedure to the jury during the guilt or innocence phase of the trial. The trial in this case, and sentencing of appellants, took place in October, 1974. At that time, the bifurcated trial procedure in felony cases had been replaced by the new judge sentencing statute (Ga. L. 1974, pp. 352 et seq.) which became effective on July 1, 1974.

With the reappearance of mandatory judge sentencing in felony cases (excepting cases in which the death penalty may be imposed), it became unnecessary and inappropriate for the jury to receive any instructions from the trial judge on the previously applicable bifurcated trial procedure. The jury is now concerned only with the issue of innocence or guilt and has no role or function to fulfill as to punishment in the event of a verdict of guilty.

In this case, the state did not seek the death penalty and the trial judge did not authorize the jury to consider it in the punishment stage of the trial. Consequently, it was error for the trial court to give the jury the instructions formerly required under Code Ann. § 27-2534. However, the error was harmless in this case because these instructions during the first part of the trial did not infer or intimate that appellants were guilty. After the second portion of the trial relating only to punishment, the sentences finally imposed by the trial judge did not follow the jury's recommendation to treat the Count 2 convictions as misdemeanors. Appellant Harris received a sentence

of four years for the armed robbery and a concurrent sentence of three years for the aggravated assault. Appellant Vickers received a sentence of eight years for the armed robbery and a concurrent sentence of five years for the aggravated assault. The sentences given by the trial judge were well below the maximum and were within the discretion of the trial judge. We do not consider the bifurcated trial error to be harmful to appellants in this case. Cf. *Lindsey v. State,* 135 Ga. App. 122 (4).

Finally, appellants contend the trial judge committed error in charging on the law of flight as there was no evidence to authorize the charge. We disagree with this contention as there was evidence the perpetrators of the robbery fled the scene after commission of the crimes and appellant Harris admitted running after the robbery and shooting took place in the tavern. The charge did not intimate to the jury that flight had been proven but left it to the jury to determine whether there was flight, and, if so, what inference might be drawn therefrom. We find no merit in this enumeration.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 20, 1975 — DECIDED
SEPTEMBER 2, 1975.

*K. Reid Berglund,* for appellants.
*Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.