### 51783. FRYER v. THE STATE.

QUILLIAN, Judge.

An Atlanta police patrolman, traveling south on Spring Street at approximately 4:30 a.m. observed a light colored GTO or LeMans Pontiac being driven in the opposite direction by a black male, without lights — front or rear. As he turned to pursue a call came over his radio advising him of the activation of a silent burglar alarm at the General Tire Company on Spring Street. He responded to the burglar alarm and found the side door broken open. As the auto without lights had been seen only one-half block from the burglary he put out a general lookout for that car. This latter call was placed approximately one minute after he had first observed the car.

At approximately the same time, another police officer on Courtland Street observed a "yellow, light beige, LeMans or Tempest" going in the same direction without lights. He flashed his "running signals" and after failing to get the driver's attention, pulled alongside and sounded his horn. The driver was a black male. When the other driver saw him he "took off" at a high rate of speed. As the officer began his pursuit, a call came over his radio to be on the lookout for a car with the same description as the one he was pursuing. A chase ensued with the defendant being stopped at a road block, and placed under arrest for traffic violations. The pursuing officer had been advised of the burglary of the General Tire Company. While standing alongside the car he observed two new tires with stickers on them, in the rear seat of the defendant's car. He also observed that the tires carried the General Tire brand. He looked in the trunk and found two more General tires.

A detective advised the defendant of his Miranda rights. Although defendant had been drinking and was charged with driving under the influence, the detective was of the opinion that defendant was too intoxicated to drive but was sufficiently sober to be questioned. Defendant said that he had won the tires in a "skin" (card) game from "Charlie." Defendant's car was a 1970 Tempest Pontiac, "a dark yellow" color. The four tires found in his car carried the same serial number as those stolen from the General Tire Company shortly before his arrest.

During the trial, defendant testified that he had bought the tires from two people he met that evening at approximately 10:30, paying $10 per tire. He admitted he knew they probably had been stolen but he did not know that they came from the General Tire Company. He said that he placed all four tires in his trunk and had carried a friend and two girls home after he bought the tires. He denied that he committed the burglary.

He was convicted, and after his motion for a new trial was overruled, he appealed to this court. *Held:*

1. The general grounds are without merit. Although circumstantial, the evidence of record supports the verdict of the jury. *Craft v. State,* 124 Ga. App. 57 (1) (183 SE2d 37).

2. The trial court did not err in failing to suppress the four automobile tires found in defendant's automobile. He was lawfully stopped and arrested for numerous traffic violations, including driving at night without lights, speeding, and running stop signs — among other offenses. The arrest was valid. *Caito v. State,* 130 Ga. App. 831 (2) (204 SE2d 765). The police officer was lawfully where he had a right to be and the stolen tires were in plain view in the back seat of defendant's car. The police officer had the right to examine the tires, and after determining that they were the same brand sold by the burglarized store, was authorized to search the entire vehicle. *Anderson v. State,* 123 Ga. App. 57 (179 SE2d 286); *Williams v. State,* 129 Ga. App. 103 (1) (198 SE2d 683).

3. Defendant alleges that the court erred in failing to grant a continuance, or declare a mistrial, in the absence of defendant's witness, Gay Meadows. Counsel for

defendant requested "the Court to have a crucial witness ...summoned... to appear before the Court. . .he was present with...the defendant...throughout most of the evening...in which the burglary purportedly took place. This crucial witness can testify that he saw four automobile tires in a car belonging to [defendant] between the hours of 10:00 and 3:00 o'clock...the crime was committed about 5:00 o'clock. This crucial witness will be able to testify that Moses Fryer explained to him where and how he, [defendant], received the four automobile tires hours before the burglary took place."

Every person charged with an offense against the laws of the state shall have compulsory process to obtain the testimony of his own witnesses. The Georgia Constitution of 1945, Art. I, Sec. I, Par. V (Code Ann. § 2-105). Counsel for defendant was unable to locate the witness and served the wife of the witness with the summons. The judge asked the sheriff to see if the witness was at his home or could be reached and brought into court, but went forward with the trial. The record does not reflect the result of the sheriff's efforts to locate the witness.

Under Code Ann. § 81-1410 (Ga. L. 1959, p. 342), in application for continuances upon the ground of absence of a witness, it must be shown — inter alia, that the witness' testimony is material and that counsel expects to be able to produce the testimony of such witness at the next term of court. Counsel did make a sufficient offer of proof of the expected testimony of the witness to show materiality, but no showing was made as to any expectation of the appearance of the witness at any time in the future. However, we need not rest our decision on this base.

Defendant's sworn testimony shows that he was with the absent witness before 10:00 but not for that period after 10:30 when he said he purchased the tires. When he returned to the Billiards Club where he had left the witness, all four tires were in the trunk. Thereafter he took Gay Meadows to his mother's house at approximately 12:20 and carried him home around one o'clock. His testimony revealed that all four tires were in the trunk of the car during the period when Gay Meadows

was in the car and that the witness was not with him between the hours of 10:30 and 11:00 or after one o'clock.

It is clearly evident that the defendant's version of the evening's events does not comport with the offer of proof of defendant's counsel. In fact, defendant's testimony established that the witness would not be a material witness if his testimony was the same as the defendant's.

Motions for a continuance on account of absence of a witness are addressed to the discretion of the trial judge and this court will not interfere absent a clear showing of abuse of discretion. *Smith v. State,* 120 Ga. App. 448 (1) (170 SE2d 832). Denial of a continuance is not an abuse of discretion where the statutory requirements were not met — as in this case. *Carroll v. Crawford,* 218 Ga. 635 (1) (129 SE2d 865). There was no showing that the counsel expected to be able to procure such testimony by the next term of court. *Finch v. State,* 101 Ga. App. 526 (114 SE2d 378). Further, admissions of defendant, in judicio, of facts inconsistent with those to which the absent witness would testify removed the ground for continuance. *Cabaniss v. State,* 8 Ga. App. 129, 147 (22) (68 SE 849). Accordingly, we find no abuse of discretion of the trial judge in denying the continuance.

4. The remaining enumerations are without merit.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED FEBRUARY 4, 1976 — DECIDED FEBRUARY 20, 1976 — REHEARING DENIED MARCH 15, 1976.

*Louise T. Hornsby,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Assistant District Attorneys,* for appellee.