## 53217. KEATING v. THE STATE.

STOLZ, Judge.

As two officers of the Albany Police Department were traveling 15 to 25 miles per hour on a routine patrol along a city street, one of them observed the defendant standing behind his automobile, but in clear view of the officer, in a parking area. The defendant had in his hand a metallic object, which appeared to the officer to be a knife or other weapon, and which the defendant apparently attempted to conceal in his right front pocket after he looked up and saw the police car. The officers immediately turned the patrol car around and returned to the scene to find the defendant attempting to back his car out of the parking

space. When the officers blocked his exit with the patrol car, the defendant immediately got out of his car and came around to the rear of it, leaving two passengers in the front seat of his car. The defendant appeared nervous as he talked to the officers. One officer examined the defendant's driver's license and conducted a pat-down or frisk of the defendant. Discovering no weapon or contraband on the defendant's person, he left the defendant with the other officer, walked to the driver's door of the defendant's vehicle, looked through the window, and observed, in plain view on a tray in the middle of the floorboard in front of the front seat, two cigarettes, which he recognized as marijuana on the basis of his previous experience and observation of such cigarettes. Thereupon, he called to the other officer to "hold" the defendant, then opened the car door, seized the cigarettes, broke one of them open to confirm its contents, showed it to his fellow officer then charged the defendant and put him in the patrol car. An inventory of the car at police headquarters revealed additional quantities of marijuana and a knife.

The defendant appeals from the denial of his motion to suppress, on the grounds of a warrantless arrest and search. *Held:*

"In connection with the police power of the State there is a limited right to speak to and even momentarily detain a citizen for a routine check of driver's license or identification which does not amount to an arrest or search and seizure." *Anderson v. State,* 123 Ga. App. 57 (2) (179 SE2d 286) (1970). In *Shy v. State,* 234 Ga. 816, 819 (218 SE2d 599) (1975) our Supreme Court recognized this "more limited type of detention in which the defendant is not 'free to go' but the Miranda warnings are not required at the initial contact," referring to on-the-scene, preliminary, investigative detentions by the police.

Such a detention was utilized and authorized in the present case by the suspicious circumstances, viz., the defendant's concealment of what appeared to be a weapon upon seeing the police car, his commencement of what reasonably could have been construed as flight, his nervousness when talking with the policemen, and the fact that he immediately got out of his car and met the

policemen near their patrol car, possibly in an attempt to prevent their coming up to his car.

The officer was certainly authorized to pat-down the defendant for weapons for his own protection, especially after having seen the defendant conceal what appeared to be a weapon in his pocket. Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968). Similarly, he was authorized to look into the defendant's car, not only to see if the concealed weapon was therein, but also to observe the defendant's two passengers, again for the protection of the two officers.

The police officer was thus lawfully where he had a right to be and the marijuana cigarettes were in plain view within the defendant's car, justifying their seizure without a warrant. See *Fryer v. State,* 138 Ga. App. 124 (2) (225 SE2d 437) (1976); *Williams v. State,* 129 Ga. App. 103 (1) (198 SE2d 683) (1973); *Anderson v. State,* 123 Ga. App. 57, supra. This is true even if the officer could not make a positive identification of the cigarettes as marijuana from the outside of the car. In *Anderson v. State,* supra, the officer observed paraphernalia which *might* reasonably have been used as burglary tools, and this *possibility,* together with other suspicious circumstances, was held to have justified both the arrest of the vehicle's operator and the search of the vehicle without warrants. "[W]hile a warrantless search of a vehicle may result in the suppression of the evidence of the fruits of the illegal search where it is based upon an arrest not reasonable as without probable cause (Collins v. United States, 289 F2d 129), it is also true under some circumstances that the 'right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law.' Carroll v. United States, 267 U. S. 132, 158 (45 SC 280, 69 LE 543, 39 ALR 790). Therefore, if probable cause exists, a search of an automobile will be upheld under circumstances which would not justify a warrantless search of a home or office; the same probable cause which justifies the arrest may justify the search, and, given probable cause, no Fourth Amendment distinction exists between making an immediate search without a warrant

or impounding the vehicle until a warrant may be obtained. Chambers v. Maroney, 399 U. S. 42 (90 SC 1975, 26 LE2d 419). This is always dependent on the exigencies of the immediate situation." *Anderson v. State,* 123 Ga. App. 57, supra, p. 59.

"The contents of an automobile are presumed to be those of one who operates and is in charge of it, and this applies particularly where the operator is also the owner, as here. *Watson v. State,* 93 Ga. App. 368 (1) (91 SE2d 832)." *Williams v. State,* 129 Ga. App. 103, supra, p. 106. The officer who undertook to arrest the defendant had the right to arrest him at the time he knew that contraband was in his possession. *Howell v. State,* 162 Ga. 14 (3) (134 SE 59). "Possession, as we know it, is the right to exercise power over a corporeal thing; as such, possession may be actual or constructive so long as it is immediate. . . [Cits.]" *Cook v. State,* 136 Ga. App. 908, 909 (2) (222 SE2d 656). "The crime of possessing marijuana was being committed in the presence of the officers, and the arrest of the defendant without a warrant was permissible. Code § 27-207. Moreover, if he were not arrested there was likelihood that the defendant would escape and there would be a failure of justice. *Bloodworth v. State,* 113 Ga. App. 278 (147 SE2d 833); *McEwen v. State,* 113 Ga. App. 765 (2) (149 SE2d 716)." *Williams v. State,* supra, p. 105.

The fact that there was no previous knowledge or suspicion that the defendant was engaged in the illegal drug traffic, did not make the seizure of the evidence unauthorized. As was pointed out in *Williams v. State,* supra, (1), the seizure was justified by the independent fact of the officer's observing the contraband in plain view within the defendant's automobile.

With regard to the evidence seized from the vehicle during the taking of the inventory at police headquarters, this was validly seized for the additional reason that the warrantless arrest was justified. "The right to arrest a suspected person without a warrant is broader in felony than in misdemeanor cases. *Thompson v. State,* 4 Ga. App. 649 (2) (62 SE 99). [Possession of marijuana is a felony. Code Ann. § 79A-811(j) (Ga. L. 1974, pp. 221, 243; 1975, pp. 1112, 1113).] An officer has authority to arrest anyone of whom he has a reasonable suspicion that he has

committed a felony, without waiting first to produce a warrant. *Robinson v. State,* 93 Ga. 77, 87 (18 SE 1018, 44 ASR 127). What constitutes 'reasonable grounds of suspicion' is generally to be determined under the facts of the individual case. *Richardson v. State,* 113 Ga. App. 163 (147 SE2d 653). As Judge Learned Hand said in United States v. Heitner, 149 F2d 105, 106 (C. A. 2): 'It is well settled that an arrest may be made upon hearsay evidence; and indeed, the "reasonable cause" necessary to support an arrest cannot demand the same strictness of proof as the accused's guilt upon a trial, unless the powers of peace officers are to be so cut down that they cannot possibly perform their duties.' See *Peters v. State,* 114 Ga. App. 595 (152 SE2d 647).

" 'It is the function of the court to determine if the facts upon which the officer acted would warrant a man of reasonable caution to believe that an offense had been committed. . . Moreover, the reasonable cause necessary to support an arrest does not demand the same strictness of proof as proof of guilt upon the trial.' *Johnson v. State,* 230 Ga. 196, 198 (196 SE2d 385) and citations. Probable cause exists when the facts and circumstances within the officer's knowledge are sufficient in themselves to warrant a belief by a man of reasonable caution that a crime has been committed. Brinegar v. United States, 338 U. S. 160 (69 SC 1302, 93 LE 1879); *Novak v. State,* 130 Ga. App. 780 (204 SE2d 491)." *Chaney v. State,* 133 Ga. App. 913, 916 (2) (213 SE2d 68) (1975). "Probable cause need not be defined in relation to any one particular element, but may exist because of the totality of circumstances surrounding a transaction. See, e.g., *Cunningham v. State,* 133 Ga. App. 305 (211 SE2d 150); *Yawn v. State,* 134 Ga. App. 77 (213 SE2d 178). . . We have repeatedly held that flight in connection with other circumstances may be sufficient probable cause to uphold a warrantless arrest or search. See, e.g., *Green v. State,* 127 Ga. App. 713, 715 (194 SE2d 678) and cits." *Cook v. State,* 136 Ga. App. 908, supra, (1). As was the situation in *Phillips v. State,* 233 Ga. 800, 803 (213 SE2d 664), "in the present case, the circumstances justifying the arrest also furnished probable cause for the search. [Cits.]"

The denial of the motion to suppress the evidence was

not error.

Judgment affirmed. *Quillian, P. J., and Shulman, J., concur.*

SUBMITTED JANUARY 11, 1977 — DECIDED FEBRUARY 10, 1977 — REHEARING DENIED FEBRUARY 24, 1977.

*Leonard J. Spooner,* for appellant.
*William S. Lee, District Attorney, Loring A. Gray, Jr., Assistant District Attorney,* for appellee.