## 53773. PRICE v. THE STATE.

BELL, Chief Judge.

Defendant appeals from his conviction for burglary. *Held:*

1. It is contended that the in-court identification of the defendant was erroneously admitted as it was tainted by an impermissibly suggestive procedure conducted at the sheriff's office. The witness, the owner of the burglarized premises, testified that on arrival at his residence on the afternoon of the day of the burglary he saw a parked automobile with his TV set loaded in the trunk. Two individuals were in the car and another was standing near the car door facing the victim, whom he identified at trial as the defendant. These individuals then fled in the car. Sometime later the victim was called to the sheriff's office for the purpose of identifying the car. The witness entered an office occupied by 8 to 10 people and immediately recognized and identified the defendant who was present. The victim also testified that his

identification of defendant at the sheriff's office and at trial was based on his daylight observation of him at his house on the day of the burglary. The totality of the circumstances of this pre-indictment identification of defendant at the sheriff's office fails to show that there was any substantial likelihood of a misidentification of defendant and does not indicate any impermissibly suggestive procedures. *Hobbs v. State,* 235 Ga. 8 (218 SE2d 769). Further, the trial court was warranted in accepting the in-court identification as one based on a source independent of the episode at the sheriff's office, i.e., the face to face view at the scene of the burglary. *Smith v. State,* 137 Ga. App. 845 (225 SE2d 93).

2. The court allowed in evidence the confession of a co-defendant on the basis that the co-defendant had taken the district attorney by surprise while testifying as a rebuttal witness for the state. The only ground of objection made at trial was that the confession was not sworn to. Now for the first time on appeal defendant advocates other grounds of objection, one of which is that the district attorney was not surprised at trial. The failure to object on these grounds constitutes a waiver of them. *State v. Westberry,* 238 Ga. 648 (235 SE2d 140).

*Judgment affirmed. McMurray and Smith, JJ., concur.*

ARGUED APRIL 5, 1977 — DECIDED JUNE 8, 1977.

*Walker Chandler,* for appellant.
*Ben J. Miller, District Attorney, Paschal A. English, Jr., Assistant District Attorney,* for appellee.