## 32157. WILLIAMS v. THE STATE.

HILL, Justice.

The defendant Charles Williams was tried jointly with another for the offense of armed robbery. Although the court directed a verdict in favor of the co-defendant, the jury found this defendant guilty as charged. On appeal the defendant argues that his motion for new trial on the general grounds should have been granted, and that the court erred in allowing the state to impeach its own witness.

1. The robbery victim identified the defendant as being one of the four men who robbed him. During the robbery he saw the defendant's face twice while he was not wearing a mask. The evidence is therefore sufficient to support the conviction, because on appeal the evidence is to be viewed to support the verdict rendered by the jury. *Harris v. State,* 234 Ga. 871, 873 (218 SE2d 583) (1975).

2. At the trial the state called Linda Maxie to the stand. She was granted immunity by the court. She admitted knowing the co-defendant for eight years and the defendant for one year. The district attorney asked her about a conversation she had had with the co-defendant concerning the robbery. She first refused to answer and then she said she did not remember any conversation. The district attorney claimed entrapment and the court permitted him to cross examine the witness. She denied telling the district attorney about such a conversation. The district attorney offered into evidence, for purposes of impeachment, a tape recording of a statement made by the witness, but objection to the introduction of the tape recording was sustained. The court did permit a policeman to testify to the fact that the witness had had a conversation with the district attorney about the robbery, but the policeman was not allowed to testify as to the content of that conversation. As noted, the court directed a verdict in favor of the co-defendant.

This defendant now contends that permitting the state to cross examine its own witness tended to prejudice the jury against him since the witness had said she knew this defendant. We find no prejudice and no error. *Wilson*

*v. State,* 235 Ga. 470 (1) (219 SE2d 756) (1975).
*Judgment affirmed. All the Justices concur.*

S̲ubmitted A̲pril 1, 1977 — D̲ecided
S̲eptember 6, 1977.

*Percy J. Blount,* for appellant.
*Richard E. Allen, District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler, Assistant Attorney General,* for appellee.