## 58239. WHATLEY v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted, tried and convicted of the offense of possession of tools for the commission of crime. He was sentenced to serve a term of five years. Defendant appeals. *Held:*

The sole enumeration of error is that the verdict is contrary to the evidence, without evidence to support it, decidedly and strongly against the weight of the evidence, and contrary to law and the principles of justice and equity. The state's evidence against the defendant is based upon the testimony of a police officer in a surveillance mobile action unit who was located on the top of a downtown building in the City of Atlanta using a high-powered telescope and a pair of 20/60 binoculars observing parking lots in the area. He observed defendant entering a parking lot in which a meter box or money box for payment of parking is used ("an honor system type parking lot"). The defendant parked his automobile three car lengths from the meter box. Defendant surreptitiously crawled on his hands and knees to the box where he was "in a pretty well-hidden position," reached up to the lock on the back of the box to take hold of the back plate and got hold of the box with "the boltcutters, and for approximately 15 seconds it seemed like he was trying to cut the locks with the boltcutters." Being unable to cut the locks with the boltcutters he returned to his vehicle and

proceeded to leave. At that time the testifying officer called for assistance from police patrol vehicles in the area, and defendant was stopped approximately 50 yards from the parking lot on Baker Street. Whereupon, the officer descended from his hiding place on the roof of the building and identified the defendant as the man he had observed in the parking lot.

Counsel for defendant strongly argues that defendant's testimony in his behalf which was corroborated by another as to an alibi shows clearly that he was not the individual who was observed by the policeman; and that his own automobile had been broken into on the particular lot where he allegedly was observed. He contends that all of this testimony, if believed by the jury, would have authorized an acquittal. However, the jury chose to believe the testimony of the police officer with reference to defendant's activities in the parking lot and the finding of the boltcutters in his automobile upon his arrest. The evidence was sufficient to support the verdict against the defendant. *Harris v. State,* 234 Ga. 871, 873 (218 SE2d 583); *Harris v. State,* 236 Ga. 766, 767 (225 SE2d 263); *Moore v. State,* 240 Ga. 807, 811 (II(1)) (243 SE2d 1).

Moreover, a review by this court of the trial transcript and record convinces us, and we so hold, that a rational trier of fact (the jury in this case) could readily have found the defendant guilty beyond a reasonable doubt of the offense of possession of tools for the commission of crime under Georgia law.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

ARGUED JULY 12, 1979 — DECIDED SEPTEMBER 4, 1979.

*Vernon S. Pitts, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert, III, Michael Whaley, Assistant District Attorneys,* for appellee.