## 58506. SMITH v. THE STATE.

McMURRAY, Presiding Judge.

This case involves a violation of the Georgia Controlled Substances Act (possession of marijuana). On April 14, 1978, officers of the Georgia State Patrol, in an attempt to apprehend a fugitive, were operating a checkpoint on Interstate Highway 75 in Gordon County. The description given out on the fugitive was that of a black man of gigantic proportions who would stand out in any crowd. The alleged fugitive was a suspect in the murder of a deputy sheriff in another county.

Within a short time after receiving the radio lookout, one of the officers spotted a passing automobile with a

large frame black male sitting in the right front passenger seat. The officer ran a check on the tag of the automobile and found that the tag had been issued to a different automobile. Because of the improper tag and the possibility that the large frame passenger might be the fugitive whom they were seeking to apprehend, the officers stopped the automobile, checked the identification of the individuals in the automobile and patted them down for weapons. During this time one of the officers saw what appeared in his experience to be marijuana lying in the front floorboard of the car in plain view.

At trial a Sheriff's Department investigator testified that he had taken a statement from the defendant. This statement by defendant was that he had entered a poolroom in Dalton and had gotten the marijuana from the guy who ran the poolroom, paying $365 a pound for it. The Sheriff's Department investigator testified that prior to making this statement he had read the Miranda warnings (Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)) from a card to defendant and that defendant was not threatened in any way and was not promised any benefit or hope of reward in order to get him to make the statement.

The trial court, without the intervention of a jury, found the defendant guilty and sentenced him to five years, three to serve "in the State Penal System" and two years on probation. A motion for new trial was filed and denied. The defendant appeals, contending that the trial court erred in failing to grant his motion to suppress the marijuana found in the automobile, in allowing the testimony as to his confession to be admitted in evidence, and because the evidence was insufficient to support the verdict. *Held:*

1. The trial court did not err in denying the motion to suppress and in allowing in evidence the contraband observed in plain view in the automobile when it was stopped for a legitimate limited detention due to the circumstances creating the suspicion as to an occupant. The officer observed the marijuana in plain view when he was lawfully in a position where he had a right to be and to observe it. See *Keating v. State,* 141 Ga. App. 377, 378-379

(233 SE2d 456). There was no illegal search of the vehicle inasmuch as the detention was conducted properly and the contraband was observed in plain view. See also *Caito v. State,* 130 Ga. App. 831, 834 (4) (204 SE2d 765); *Allen v. State,* 140 Ga. App. 828, 830 (232 SE2d 250); *Orr v. State,* 145 Ga. App. 459, 462 (2) (244 SE2d 247). There is no merit in this complaint.

2. Upon examination of the nonjury hearing of evidence (Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)) surrounding whether or not the defendant's statement was voluntarily made without any threats or promises, there is no requirement that the Miranda warnings prior to the interview be in writing. *Stovall v. State,* 236 Ga. 840, 841 (1) (225 SE2d 292). The trial court did not err in refusing to suppress defendant's confession as to possession of the marijuana. *Pierce v. State,* 235 Ga. 237, 239 (3) (219 SE2d 158).

3. We find no merit in the defendant's complaint that others in the vehicle had equal access to the marijuana found in the yellow shopping bag, the same being three one-pound packages. The marijuana was not hidden under the seat but was directly under the location where the defendant was sitting and only partially under the seat. The bag was in plain view and not hidden under the seat. While there was conflicting testimony which possibly raises the equal access defense; nevertheless in looking at the sufficiency of the evidence to support the verdict it is obvious that the trial court believed the State's witnesses over the defendant's witnesses. A jury verdict of guilty or a finding of guilty by a trial court, without the intervention of a jury, should not be disturbed unless clearly erroneous. *Baker v. State,* 137 Ga. App. 33, 36 (6a) (222 SE2d 865); *Jones v. State,* 147 Ga. App. 296 (248 SE2d 557). The evidence was sufficient to support the trial court's (without the intervention of a jury) finding of guilty. *Harris v. State,* 234 Ga. 871, 873 (218 SE2d 583); *Moore v. State,* 240 Ga. 807, 811 (II(1)) (243 SE2d 1). A review of the trial transcript and record convinces us, and we so hold that a rational trier of fact (the trial court, without the intervention of a jury, in this case) could readily have found the defendant guilty beyond a reasonable doubt of the violation of the Georgia

Controlled Substances Act (possession of marijuana).
*Judgment affirmed. Banke and Underwood, JJ., concur.*

SUBMITTED SEPTEMBER 25, 1979 — DECIDED OCTOBER 11, 1979 — REHEARING DENIED OCTOBER 31, 1979 — ▆▆▆▆▆▆▆▆

*Wade C. Hoyt, III,* for appellant.
*Charles Crawford, District Attorney, T. Joseph Campbell, Assistant District Attorney,* for appellee.