## 58698. ROBERSON v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted in four counts for (1) robbery, (2) aggravated assault upon an officer, (3) speeding, and (4) escape. He was tried and convicted on all four counts. As to the count involving robbery he was sentenced to serve a term of five years; as to the aggravated assault upon an officer he was sentenced to serve 20 years; and as to the speeding and escape counts he was sentenced to serve 12 months each. The above sentences were to run consecutively, that is, a total of 27 years. Defendant filed a motion for new trial which was denied. Defendant appeals. *Held:*

The enumeration of error is based upon a claim that the conviction was contrary to evidence, without evidence to support it and contrary to the principles of justice and equity; that is, in substance the same as the general grounds of the motion for new trial. In consideration of same we examine the evidence submitted. The admitted evidence resulted from an altercation between a deputy sheriff in a patrol car in stopping the defendant in an

automobile he had borrowed from another. The deputy testified that he observed the defendant moving at a high rate of speed and attempted to stop him. The defendant testified he was not speeding and promptly stopped when ordered to do so. The officer contends that the defendant finally lost control of the automobile on railroad tracks crossing a dirt road after he left the highway. He placed the defendant under arrest, and when he attempted to put handcuffs on the defendant he attacked the officer. In a tussle with the defendant the officer did hit him with a flashlight but as the officer fell he lost his pistol to the defendant who then shot at the officer, striking his sleeve, threatening thereafter to kill him. The defendant then began chasing the unarmed officer six or eight times around the patrol car and shot at the officer again, creasing his head, at which time the officer acted as if he were dead. He then left the officer and attempted to remove his automobile from the railroad track. When he was unable to do so he returned to the officer, finding him still alive, and attempted to find out how to turn off the flashing lights on the patrol car, again threatening to kill him, adding he would carry the deputy's body to Chatham County in the official car. He cocked the pistol while holding it close to the deputy's face and the deputy knocked it aside as he fired. He then struck the deputy twice on the head with the pistol and returned to try to drive his car off the railroad tracks. The deputy then got up and ran to a nearby house where the resident took him in and hid him, locking the door and refusing the defendant entrance when he approached the dwelling. Other law enforcement vehicles then arrived on the scene, and the defendant fled on foot. He was later arrested the next day after a search, with the deputy's pistol still in his possession. The pistol was taken from him before he could use it, although defendant did attempt to gain possession of the weapon of the GBI agent involved in subduing him and taking him into custody.

The defendant denied the above contending that when his car was stopped with the police car behind him he did as he was told; that he did "spread eagle" and when he reached to hand the officer his driver's license the officer beat him with a flashlight; that he was afraid when

the officer reached for his gun and he beat him to it; and he did not shoot him with the gun, the gun going off three times accidentally; and that he then ran off into the woods and escaped until he was picked up by the GBI.

While the defendant's testimony, if believed by the jury, could have authorized a finding of not guilty of speeding, assault upon the officer and that he took possession of the weapon solely to protect himself, and that he thereafter fled for his life; nevertheless the jury chose to believe the testimony of the other witnesses against him as to the activities surrounding his arrest for speeding, the taking of the officer's pistol, his subsequent assault upon the officer in which the officer was shot, and his escape from arrest. The evidence was sufficient to support the verdict. *Harris v. State,* 234 Ga. 871, 873 (218 SE2d 583); *Moore v. State,* 240 Ga. 807, 811 (II (1)) (243 SE2d 1). After a review of the trial transcript and record we are convinced, and we so hold, that a rational trier of fact (the jury in this case) could readily have found the defendant guilty beyond a reasonable doubt of each of the offenses for which he was indicted.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

Submitted October 16, 1979 — Decided October 31, 1979.

*Joseph C. Kitchings,* for appellant.
*J. Lane Johnston, District Attorney,* for appellee.