## 58974. BAGBY v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was convicted of selling marijuana in violation of the Georgia Controlled Substances Act. After his motion for new trial on the general grounds was denied, defendant appealed, raising the same issue. Defendant argues that the state has failed to prove the chain of custody of the marijuana. *Held:*

The state's evidence is that Detective Horne of the Clayton County Police purchased from defendant a green leafy material contained in a plastic bag which was in turn contained in a paper bag. Detective Horne turned this evidence over to detective Becker who inventoried, bagged, and sealed it before turning it over to the watch officer who in his presence placed the evidence in a security box.

Lt. Brookshire retrieved the evidence and transported it to the crime laboratory where he turned the evidence over to Bevil, a forensic chemist. Bevil analyzed the evidence, identifying it as marijuana, and kept it stored in an evidence locker to which only he had access. Immediately prior to trial Bevil turned the evidence over to the assistant district attorney who tried the case.

There is nothing to show that the evidence was tampered with nor is there, as defendant urges, any

failure of proof of identity. The mere fact that the contents sealed within the evidence bag was not individually and separately marked for identification does not prevent this conclusion. Detective Becker testified that the contents of the evidence bag appeared to be that which he placed in the bag. The state is not required to prove the identity of the evidence beyond all possibility of doubt. The evidence here was sufficient to establish reasonable assurance of the identity of the evidence. *Lentile v. State,* 136 Ga. App. 611, 615 (2) (222 SE2d 86); *Meadows v. State,* 135 Ga. App. 758 (219 SE2d 174). The evidence was sufficient to support the finding of guilty by the trial judge sitting without the intervention of a jury. *Harris v. State,* 234 Ga. 871, 873 (218 SE2d 583); *Moore v. State,* 240 Ga. 807, 811 (II (1)) (243 SE2d 1).

A review by this court of the trial transcript and record convinces us that a rational trier of fact (the trial judge without the intervention of a jury in this case) could readily have found the defendant guilty beyond a reasonable doubt of the violation of the Georgia Controlled Substances Act as charged in the indictment.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

SUBMITTED OCTOBER 31, 1979 — DECIDED NOVEMBER 14, 1979.

*Leonard N. Steinberg,* for appellant.
*Robert E. Keller, District Attorney, Harold G. Benefield, Assistant District Attorney,* for appellee.