## 58875. ALLEN v. THE STATE.

MCMURRAY, Presiding Judge.

Defendant was indicted, tried, and convicted of the offense of rape. He was sentenced to life imprisonment. Defendant's motion for new trial was filed, heard, and denied and he appeals. *Held:*

1. The first two enumerations of error are concerned with the testimony of the victim as a witness that she was raped twice by defendant eight years earlier. This evidence was clearly admissible for the purpose of identification and to show motive, plan, scheme, and bent of mind. See *Wright v. State,* 184 Ga. 62, 70-71 (190 SE 663); *Allen v. State,* 201 Ga. 391, 395 (40 SE2d 144); *Sudlow v. State,* 140 Ga. App. 146, 147 (230 SE2d 106);

*Thomas v. State,* 234 Ga. 635, 636 (1) (217 SE2d 152); *Hart v. State,* 149 Ga. App. 785 (256 SE2d 127).

Further, the court did not err, either at the time of admitting the evidence or in his general charge, in failing to instruct the jury, without any request therefor, that the purpose for which this evidence was allowed in evidence was merely to show a scheme or plan on the part of the accused to commit the crime for which he was being tried. See *Haden v. State,* 176 Ga. 304, 310 (7, b) (168 SE 272); *Cochran v. State,* 144 Ga. App. 820, 821 (2) (242 SE2d 735). Neither of the above complaints are meritorious.

2. A witness called by the defendant testified on direct examination that as a police officer when he talked to the victim who had been represented to him as being the person "severely beaten up" she stated to the officer that she did not know who it was who beat her. On cross examination in reply to a question in regard to her mental state the officer answered as follows: "She was very nervous and upset and I really don't think she knew what she was saying." There was no objection to her answer. Even a non-expert witness is qualified to state an opinion as to mental condition provided the opinion is accompanied by facts on which it is founded. See *Smith v. State,* 141 Ga. App. 720, 721 (4) (234 SE2d 385). However, no objection whatsoever was made to this question and answer, and it was waived. *Smith v. State,* 116 Ga. App. 45 (2), 48 (156 SE2d 380); *Sides v. State,* 213 Ga. 482, 488 (5) (99 SE2d 884). Again, this question was repeated, and the officer answered the question that he did not believe she knew what she was saying as "Yes, sir." The objection at that time was merely "I object to that . . . I think that's very improper." This objection is wholly insufficient and too general, as an objection must be made on a specific ground. See *Hogan v. Hogan,* 196 Ga. 822, 824 (28 SE2d 74); *Goldsmith v. State,* 148 Ga. App. 786, 789 (9) (252 SE2d 657); *Altman v. Strouse,* 210 Ga. 282 (2) (79 SE2d 801); *Smith v. Smith,* 223 Ga. 560, 561 (7) (156 SE2d 901). There is no merit in this complaint.

3. The next enumeration of error alleges that there was error in that the trial court denied a witness the right to testify as to whether the victim said anything else concerning the alleged rape with reference to a

conversation between them. The question was asked "Did she say anything else to you about it? A. Anything else to me about it?" Objection was made to this question and sustained, the court directing "[a]sk direct questions and give direct answers." There is no merit in this complaint as the court did not prevent future examination of the witness.

4. During cross examination of a defense witness the district attorney asked her with reference to certain criminal charges brought against her in the past in which he had represented her as attorney and the charges had been dropped against her. The only objection here as to the issue of whether the witness had been in court before was "I object to that." For the reasons stated heretofore in Division 2, no proper objection was made although it was an improper attempt to impeach the witness or discredit her in this manner. A witness may be impeached by a conviction involving moral turpitude, and the highest and best evidence of such fact is the judgment of the court in which the witness was convicted. *Reid v. State,* 49 Ga. App. 429 (1) (176 SE 100).

5. On cross examination a defense witness was asked "what'd you think when she said, 'Well, I'm scared of him and I might let him go'? A. Well, what I think about the whole thing is —." The court then instructed the witness, that he didn't ask what you thought about the whole thing, just answer the questions. The witness then asked that the question be repeated and after it was repeated the witness still did not understand the question. Counsel then proceeded to ask the questions separately so that she could understand what the question was. Counsel for the defendant contends in an enumeration thereto that the trial court had restricted the witness' answer to the question. This was not an accurate statement, nor did the court lead the jury to believe that the witness was not being objective in her testimony and therefore unworthy of belief. In this instance the trial court did not err in instructing the witness that counsel was not asking her about the whole thing but she should just answer the questions. Further, there was no objection or contention by the defendant made at this time. There is no merit in this complaint.

6. The trial court did not err or make a comment on the testimony of a defense witness. The witness was asked if she was familiar with the victim's reputation in the community, to which she replied that she was. To the question as to what her reputation was, she replied, "It's not so good." Counsel then asked, "It's not good?", at which time the court injected itself by stating, "No, that isn't what she said, now, Mr. Keeble [defense counsel]." Whereupon, counsel said, "All right, sir" and proceeded to other matters. Counsel did not object to this colloquy and this was not a comment on the testimony of a defense witness but merely a statement by the court that counsel did not correctly repeat the answer as it was given. Further, no objection was made at this time. Since enumeration of error must be the same as that made in the trial court it is not meritorious. See *State v. Westberry,* 238 Ga. 648 (235 SE2d 140); *Price v. State,* 142 Ga. App. 504, 505 (2) (236 SE2d 178); *Goldsmith v. State,* 148 Ga. App. 786, 789 (9), supra. There is no merit in this complaint.

7. Defense counsel also contends that the trial court erred in overruling his motion for new trial in that the verdict was contrary to the law and the evidence and that it is strongly against the weight of the evidence. The evidence was sufficient to support the verdict. *Harris v. State,* 234 Ga. 871, 873 (218 SE2d 583); *Harris v. State,* 236 Ga. 766, 767 (225 SE2d 263); *Moore v. State,* 240 Ga. 807, 811 (II (1)) (243 SE2d 1). After a careful review of the trial transcript and record we find that a rational trier of fact could readily have found the defendant guilty beyond a reasonable doubt of the offense of rape. *Payne v. State,* 151 Ga. App. 165, 166 (259 SE2d 168); *Whatley v. State,* 151 Ga. App. 174, 175 (259 SE2d 175).

*Judgment affirmed. Banke and Underwood, JJ., concur.*

ARGUED OCTOBER 30, 1979 — DECIDED NOVEMBER 21, 1979.

*Floyd W. Keeble, Jr.,* for appellant.
*J. Cleve Miller, District Attorney,* for appellee.