59091. PATTERSON v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted and convicted of the offense of aggravated assault against a law enforcement officer, possession of a deadly weapon in the commission of a crime, and criminal attempt to escape. The defendant's motion for new trial was denied, and defendant appeals, raising as his sole enumeration of error the general

grounds of his motion for new trial. *Held:*

The state's evidence is that defendant and three other prisoners were being transported in the back seat of an automobile by two deputy sheriffs who occupied the front seat. Defendant was located on the left end of the rear seat of the automobile, directly behind the deputy who was driving, and handcuffed to the prisoner next to him. Defendant slipped his hand loose from the handcuffs, put his arm around the deputy driving the automobile, held a homemade knife to his throat and ordered him to stop the car or defendant would cut his throat. This deputy testified that "[a]bout that time, I felt the knife cut . . . on the neck." The deputy abruptly applied the brakes throwing the back seat occupants against the front seat and brought the car to a halt. At the same time the passenger deputy was also threatened with a knife at his neck and one of the prisoners attempted to grab the driver's gun. As the car was halting, however, the deputy being threatened by the defendant twisted the defendant's arm, causing him to drop the knife and the deputies soon had the prisoners under control once more.

The defendant presented no evidence at trial which was defendant's prerogative. The jury was authorized to infer from the state's evidence that defendant's purpose was to effect an escape from the lawful custody of the deputy sheriffs. The evidence was sufficient to support the jury's verdict. *Harris v. State,* 234 Ga. 871, 873 (218 SE2d 583); *Harris v. State,* 236 Ga. 766, 767 (225 SE2d 263); *Moore v. State,* 240 Ga. 807, 811 (II (1)) (243 SE2d 1).

After a careful review of the trial transcript and record we find, and so hold, that a rational trier of fact (the jury in the case sub judice) could readily have found the defendant guilty beyond a reasonable doubt of each of the offenses of aggravated assault against a law enforcement officer, possession of a deadly weapon in the commission of a crime, and criminal attempt to escape. *Payne v. State,* 151 Ga. App. 165, 166 (259 SE2d 168); *Whatley v. State,* 151 Ga. App. 174, 175 (259 SE2d 175).

*Judgment affirmed. Smith and Banke, JJ., concur.*

Submitted January 15, 1980 — Decided February 12, 1980.

*Carroll L. Cowart,* for appellant.

*Dupont K. Cheney, District Attorney, Kenneth R. Carswell, Assistant District Attorney,* for appellee.