59775, 59896. McGUIRE v. THE STATE (two cases).

McMURRAY, Presiding Judge.

Defendant was indicted in three counts and tried by a jury. Count 1 was for the offense of rape. Count 2 was for the offense of kidnapping, and Count 3 was for the offense of aggravated sodomy. The jury convicted the defendant on all three counts. He was then sentenced to serve a term of 20 years as to Count 1 (rape), 20 years as to Count 2 (kidnapping), to be served consecutively to Count 1, and 20 years as to Count 3 (aggravated sodomy), to be served concurrently with the sentence in Count 2. A motion for new trial was filed and denied. We have two appeals, one pro se by the defendant (No. 59896), although his appointed counsel had also appealed in case No. 59775. We proceed to review the sole error enumerated. *Held:*

Defendant contends that the trial court erred in denying the motion for new trial based on the general grounds. The evidence established that the victim, after leaving work at 7 p.m., drove a co-worker home and then picked up her four-year-old daughter from a baby sitter and was driving toward home when she had a flat tire. The assailant, who was identified as the defendant, came along and insisted on fixing the tire. He then placed a sharp object against her throat and forced her to drive to a secluded area with which she was unfamiliar. She was then made to exit the automobile and to commit an act of sodomy and forced to have sexual intercourse with him. He then allowed her to leave and she immediately ran into the darkness

in search of her daughter. The incident was promptly reported to the police, the victim describing the attacker with reference to his clothing, and he was arrested shortly after the incident.

The evidence includes a positive eyewitness identification and a great deal of corroboration and considerable circumstantial evidence. The victim testified that she lost her shoes as she fled across a football field and lost her scarf somewhere near the scene of the crimes. These items were found by the police at or near the scene where the alleged crimes occurred. Her clothing and her physical appearance were totally consistent with acts she attested to of rape and aggravated sodomy. The defendant's clothing matched perfectly with the victim's description and same was found on the floor of his room when he was arrested a short time after the crimes. He claimed to have an injured foot which prevented him from getting about, but testimony was offered to show that just hours before the physical attack on the victim he had no symptoms of any injury whatsoever at that time. The jury was authorized to find from the state's evidence that this evidence meets the standard now established by our appellate courts, that is, that a review of all the evidence in a light most favorable to the prosecution was sufficient for us to find and hold that a rational trier of fact could have found the essential elements of the three crimes charged against the defendant beyond a reasonable doubt. See *Payne v. State,* 151 Ga. App. 165, 166 (259 SE2d 168); *Whatley v. State,* 151 Ga. App. 174, 175 (259 SE2d 175); *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133).

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED APRIL 16, 1980 — DECIDED APRIL 30, 1980.

*J. Douglas Willix,* for appellant.
Fred McGuire, *pro se.*
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Scott Childress, Assistant District Attorneys,* for appellee.