## 60574. LEWIS v. THE STATE.

MCMURRAY, Presiding Judge.

Defendant was indicted, tried, and convicted of armed robbery. He was sentenced to serve 20 years, to run consecutively to any other

sentence presently being served. Motion for new trial based upon the general grounds was filed, heard, and denied. Defendant appeals. *Held:*

1. We are concerned here with the sufficiency of the evidence inasmuch as the defendant contends the verdict is contrary to law, contrary to the evidence, and strongly against the weight of the evidence.

The state presented evidence that the defendant entered a convenience store in Richmond County, Georgia, and asked for a pack of cigarettes. The cashier testified she bent down to get the cigarettes and when she came up, "he shoved a gun in my stomach." He did not ask for money but "moved the gun over towards the register." She gave him the money in the cash register near her. She also testified that he "got some out of the other register that was behind on the other end of the counter." She further testified that the defendant "told me not to say nothing, or I knew what would happen." As he was leaving the store, another employee was entering. The cashier signaled and "mouthed to her that . . . [she] . . . had been robbed" and motioned toward the robber as he was going out the door. This employee turned around and looked at him, and "as he started on out about that time he turned and looked back at the store as she was looking at him and then he ran up the street." Both employees, as state witnesses, positively identified the defendant as the robber who took the money ($82.94) by force. While there were several alibi witnesses offered by the defense, nevertheless the jury was authorized to infer from the state's evidence that this defendant was the robber who unlawfully, with the intent to commit theft, took from the cashier of the convenience store money of the value of $82.94, "by use of a pistol, the same being an offensive weapon."

After a careful review of the trial transcript and record we find, and so hold, that a rational trier of fact (the jury in the case sub judice) could reasonably have found the defendant guilty beyond a reasonable doubt of the offense of armed robbery. See *Dukes v. State,* 151 Ga. App. 312, 313 (259 SE2d 706); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916).

2. During the trial the assistant district attorney cross examined the defendant who was a witness in his behalf. Counsel for the state stated that he did not hear all of the testimony of the witness very well. At this point the court remarked, "You can ask him any question you want to." No objection was made by counsel for the defense but now for the first time on appeal in reviewing the denial of the motion for new trial based on general grounds complaint is made that the judge's statement could be interpreted as granting "unsolicited and

unlimited . . . prosecutional inquisitory power" to the state which was "unduly prejudicial to the Defendant in the presence of the jury." However, we do not find that this could be the interpretation placed upon the trial court's statement at that particular point in time. Further, no objection or motion for mistrial was made, and error is assigned thereon by brief for the first time on appeal. There is no merit in this complaint. See *State v. Westberry,* 238 Ga. 648, 649 (235 SE2d 140); and *Price v. State,* 142 Ga. App. 504, 505 (2) (236 SE2d 178).

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED SEPTEMBER 4, 1980 — DECIDED SEPTEMBER 19, 1980.

*Terrance P. Leiden,* for appellant.

*Richard E. Allen, District Attorney, James W. Purcell, Assistant District Attorney,* for appellee.