46767.   HENDRIX v. THE STATE.

DEEN, Judge. 1. The mere statement by opposing counsel, "I object" without in any way pointing out for what reason the statement of the witness would be inadmissible, is insufficient to raise a question before the reviewing court

as to the impropriety of admitting the testimony. *Touchstone v. State*, 121 Ga. App. 602, 609 (174 SE2d 450). Further, where the witness is cross examined at length on the statement the admission of which is contended to be error, the objection would be waived in any event. *Bartow County School Distr. v. Weaver*, 121 Ga. App. 733 (3) (175 SE2d 78). It is better practice, however, for a police officer in explaining his reason for pursuing a suspect, which is admissible under *Code* § 38-302, to indicate generally the type of information upon which he was acting, being careful to avoid statements which would be subject to exception on the ground of hearsay.

2. There is no provision of law which makes it mandatory for the State to subject a person arrested for driving under the influence of intoxicants to a test to determine the alcoholic content of his blood in the absence of demand. *Code Ann.* § 68-1625.1.

The trial court did not err in overruling appellant's motion for new trial.

*Judgment affirmed. Jordan, P. J., and Clark, J., concur.*

SUBMITTED JANUARY 5, 1972—DECIDED JANUARY 20, 1972.

*Wyatt & Wyatt, L. M. Wyatt,* for appellant.
*Wilson P. Darden, Solicitor,* for appellee.