## 29305. SEARCY v. THE STATE.

NICHOLS, Presiding Justice.

The defendant was indicted upon two counts of armed robbery. A jury trial was waived and the case was heard by the court. He was found guilty and sentenced to two twenty-year sentences to run concurrently. The motion for new trial was overruled and the present appeal filed.

1. The evidence showed without conflict that the defendant entered the Outpost Package Store, Inc. located in DeKalb County, Georgia, placed a gun against the stomach of the manager, forced him to go to the back room of the store where he took money belonging to the store, placed it in a bag and placed the bag inside his belt. He then tied the manager's hands, started out the door but returned to get the manager's car keys; he then removed the manager's billfold from his pocket only to have the owner of the store, who entered the front of the building, realize the situation and obtain a pistol with which he effectively blocked the defendant's exit. The defendant was captured at the scene where he was turned over to the police. After indictment a special plea of insanity was filed as well as a request for psychiatric examination. After a psychiatric examination which resulted in reports to the court that the defendant was able to participate and cooperate in his defense, the trial took place which resulted in the present appeal.

During the course of the trial the defendant presented evidence from a psychiatrist, which if believed, could have authorized a finding that the defendant was suffering from a mental condition known as paranoid schizophrenia. This term was defined by the psychiatrist as "what the layman considers a split personality." The witness then testified that when the defendant was under the domination of the "alter-ego" he had no control over his actions. On cross examination the witness testified that he was not familiar with the planning, etc. that went into such armed robbery and that this could make a difference as to whether the defendant was under the domination of his "alter-ego" at the time the armed robbery took place.

The state presented evidence, including the psychiatric evaluations, which concluded that the defendant was not psychotic at the time of the alleged crime. The judgment of the trial court finding the defendant guilty was authorized by the evidence adduced upon the trial.

2. After finding the defendant guilty, but before passing sentence, the trial court had additional evaluations made as to the defendant's condition to determine if surgery, or other medical treatment, would benefit the defendant. This investigation by the trial court prior to sentencing did not have the effect of invalidating the prior finding by such court that the defendant was accountable for the actions taken by him during the armed robbery as contended by the defendant.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 17, 1974 — DECIDED NOVEMBER 5, 1974.

*Drew & Jones, James B. Drew, Jr.,* for appellant.

*Richard Bell, District Attorney, J. Ralph Mc-Clelland, III, Assistant District Attorney, Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellee.