## 51879. KEITH v. THE STATE.

DEEN, Presiding Judge.

1. Police officers, having been called to the scene, entered a church at about 1:30 a.m. The defendant and his brother attempted to conceal themselves within the church but were located and arrested. There was evidence of entry through a kitchen window. Four boxes containing kitchen equipment, a stereo set, radio speaker and miscellaneous items from the recreational cabinets and office were found assembled in boxes in another room, although they had been in place the previous evening when the church was closed. The evidence is sufficient to sustain the conviction of the defendant, who was jointly indicted with his brother but elected to be tried separately. *Young v. State,* 131 Ga. App. 553 (1) (206 SE2d 536).

2. The court charged fully on the issue of intent; however, the defendant complains that a request to charge further was not given. The request contained language that if the defendant had no intent to commit a felony or theft "or that he formed that intent only after he was inside the building" they must acquit. Code § 26-1601 does not limit criminal intent to time of entry: if he "enters or *remains* within. . . any room or any part thereof" with such intent, he is also guilty. The request was under these circumstances properly refused. "For refusal to charge a requested instruction to be error the request must be

correct as an abstract principle of law and adjusted to the evidence." *Wells v. Metropolitan Life Ins. Co.,* 107 Ga. App. 826 (6) (131 SE2d 634).

3. There was additional testimony that the defendant and his brother were discovered inside the church due to the fact that the building was connected by an open intercom with the manse; that the minister was awakened by a loud noise through the intercom (other testimony showed that a screen was knocked from the kitchen window to the floor); that he heard nothing for some 20 or 30 minutes, but then heard two voices in conversation from within the church and caught such phrases as: "What is this contraption here? Wonder what this is? Take this and put it in the box." Under these circumstances it was not error to refuse a request to instruct the jury that *mere presence* at the scene of a crime is not sufficient to support a conviction, although the defendant contended that his brother had entered the church alone, that he had gone in simply to find out what the latter was doing, and that he had no intent to steal. The question is not one of conflicting evidence, but of what was going on in the defendant's mind, which the jury could arrive at only as an inference from all the evidence. The charge as a whole was full and fair; under the instructions given, had the jury believed the defendant's explanation they must necessarily have acquitted him. The refusal to charge on "mere presence" was not error in view of the charge as a whole. *Craft v. State,* 124 Ga. App. 57 (2) (183 SE2d 371). The case differs from *Greeson v. State,* 90 Ga. App. 57, 59 (81 SE2d 839), where presence alone is relied on and where there was other evidence that, even if present, the defendant was physically incapable of forming a criminal intent.

*Judgment affirmed. Quillian and Webb, JJ., concur.*

Submitted March 2, 1976 — Decided March 15, 1976 — Rehearing denied March 25, 1976.

*T. Michael Chambers,* for appellant.

*Samuel J. Brantley, District Attorney, Dean B. Donehoo, Assistant District Attorney,* for appellee.