### 30725. McLAUGHLIN v. THE STATE.

HILL, Justice.

Michael McLaughlin pled not guilty by reason of insanity to an indictment for armed robbery in three counts. He was tried, found guilty on two counts, and received concurrent sentences of fifteen years. He appeals.

The evidence at trial showed that a young man clad in a flowered shirt, jeans, and lavender sunglasses entered a bakery on June 16, 1975, where the manager was alone at the time. While the manager was changing his $20 bill for a twenty-five cent purchase, he gestured with a gun in his hand and said, "Stand back, this is a robbery, and let me have the money." He took the money (about $300) out of the cash drawer and left.

Two days later, on June 18, 1975, the man came into the store again. Again the manager was alone in the bakery. "He immediately drew the gun on me when he stepped in the doorway, and I guess I must have had a look of utter shock on my face at seeing this man again . . . and he laughed and said, 'I see you recognize me.'" He again took the money out of the cash register and left on foot.

Again two days later, on June 20, 1975, the man robbed the bakery according to the testimony of one of the customers who was in the store at the time. The manager present during the two prior robberies was not there on June 20.

The witnesses identified the defendant as the robber at a lineup held the week after the robberies and also in court.

The defense presented a psychologist who testified that the defendant was addicted to drugs, that at the time

of the robberies he was intoxicated with drugs, and that although he had the mental capacity to distinguish between right and wrong during the commission of the crimes, the distinction had no meaning for him.

The state called a psychiatrist in rebuttal, the count of the indictment for the robbery on June 20 was withdrawn, and the jury found the defendant guilty of the remaining two counts.

1. The defendant argues that the evidence was insufficient to support the verdict in view of his plea of not guilty by reason of insanity. The defense psychologist testified that although the defendant's ability to determine the difference between right and wrong was lessened by his taking of drugs just prior to the robberies, he probably had the mental capacity to distinguish between right and wrong. The evidence was sufficient to support the verdict of guilty. *Hulsey v. State,* 233 Ga. 261(1) (210 SE2d 797) (1974); *Searcy v. State,* 233 Ga. 165 (210 SE2d 701) (1974).

2. In the course of qualifying the defense psychologist, defense counsel was not permitted to ask the witness if defense counsel or anyone else had tried to influence the formation of the expert's opinion. The trial judge sustained the state's objection to this question as cross examination of one's own witness. Defense counsel made no tender of proof at trial but contends on appeal that the defense had the right to show that the witness had not been influenced in reaching his opinion as to the defendant's sanity. The state did not contend that the witness had been influenced. We find no reversible error.

3. The defendant raises as error two rulings of the trial judge overruling his objections to the manner in which the state examined its expert witness.

Earlier in the trial a police officer had testified that the defendant had been located by tracing an auto tag number, obtained at the time of the third robbery, to the owner of the vehicle and then to the defendant. The officer's testimony was allowed by the court as an exception to the hearsay rule to explain the officer's conduct. Code Ann. § 38-302.

The prosecutor sought to use the defendant's obtaining of this vehicle as part of a hypothetical question

to the state psychiatrist to show the defendant's ability to plan the robbery so as to form the basis of an opinion as to whether the defendant knew right from wrong at the time of commission of the robbery.

The officer's testimony was admissible as evidence under Code Ann. § 38-302. *English v. State,* 234 Ga. 602, 605 (216 SE2d 851) (1975). Such testimony was sufficient as evidence on which to base the hypothetical question posed in this case.

However, the psychiatrist responded to the question by saying it was not possible to answer because it did not indicate whether the perpetrator was on drugs at the time of deciding to commit the criminal act. The prosecutor added to the question. The psychiatrist responded to the supplemented question that it was possible for the defendant to know or not know the difference between right and wrong. The prosecutor sought to elicit a more definite answer. The defendant objected that the state was cross examining its own witness. The court in its discretion let the witness answer. We find no error here. *Greer v. State,* 159 Ga. 85 (2) (125 SE 52) (1924).

4. The defendant contends that the trial judge erred in charging the jury "that voluntary intoxication, if you should so find in this case, shall not be an excuse for any criminal act," and that instead the court should have instructed the jury on that portion of Code Ann. § 26-704 concerning involuntary intoxication. The defendant's theory is that he was a drug addict and that therefore his taking drugs was no longer a voluntary act. His psychologist had testified that an addict has no choice, and that the question of voluntariness does not arise.

Code Ann. § 26-704 provides as follows: "A person shall not be found guilty of a crime when at the time of the act, omission, or negligence constituting the crime, such person, because of involuntary intoxication, did not have sufficient mental capacity to distinguish between right and wrong in relation to such act. Involuntary intoxication means intoxication caused (a) by consumption of a substance through excusable ignorance and (b) by the coercion, fraud, artifice, or contrivance of another person. Voluntary intoxication shall not be an excuse for any criminal act or omission."

The predecessor of this Code section was former Code Ann. § 26-403. In *Grimes v. Burch,* 223 Ga. 856 (159 SE2d 69) (1968), this court construed the former section and held that chronic alcoholism was not involuntary. The necessary reasoning of that decision is equally applicable to drug addiction.

The trial court did not err in charging on voluntary intoxication and in not charging on involuntary intoxication.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 21, 1976 — DECIDED APRIL 6, 1976.

*John Kirby,* for appellant.

*Lewis R. Slaton, District Attorney, Donald J. Stein, Assistant District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.