## 54031. HEARD v. THE STATE.

McMURRAY, Judge.

Defendant was indicted for the offense of forgery in 11 counts. On motion to sever, Count 2, by stipulation of counsel, was tried on accusation. A written motion to suppress evidence was denied, and defendant was tried and convicted and sentenced to serve a term of four years, three years in confinement and the remaining year to be suspended and probated on the condition that the defendant make restitution. Defendant appeals. *Held:*

1. The contention of the defendant that the pre-trial and pre-indictment photographic identification of the defendant tainted any in-court identification is not meritorious. The evidence heard on motion to suppress shows clearly the officers presented six photographs of persons, one of which was the defendant, and in each instance the witnesses identified the defendant. There was no improper identification of the defendant to these witnesses prior to trial so as to suggest the defendant as the one to be identified by the witnesses as was the case in *Baier v. State,* 124 Ga. App. 334 (1) (183 SE2d 622), and *Holcomb v. State,* 128 Ga. App. 238 (196 SE2d 330).

2. Defendant contends that testimony elicited by the state alluded to other offenses and acts (thus injecting his character in evidence) which were not at issue in the trial of this case, that is, the cashing of checks at other places of business. Similar methods were employed by the defendant in the commission of such offenses and same is admissible in his trial for the purpose of identifying him as the guilty party and for the purpose of showing motive, plan, scheme, bent of mind and course of conduct. *Bell v. State,* 234 Ga. 473 (1) (216 SE2d 279); *Hunt v. State,* 233 Ga. 329, 331 (211 SE2d 288); *Payne v. State,* 233 Ga. 294, 312 (210 SE2d 775). Nor was this testimony subject to objection in placing it in rebuttal after the defendant had testified that he had never cashed any of the checks drawn on his sister's bank account. None of this testimony was subject to the objections made, nor did the court err in denying the motion for mistrial at the close of the evidence.

3. The court did not err in giving an instruction

relating to the definition of a party to a crime which is the substance of Code § 26-801. The evidence authorized such charge since others may have been involved in the cashing of the check in question, the forgery being that of his sister's signature, drawn on her account, who had insufficient funds in the account. *Ingram v. State,* 134 Ga. App. 935, 937 (216 SE2d 608); *Hart v. State,* 139 Ga. App. 791, 792 (229 SE2d 673). Where transactions involving relatives are under review slight circumstances are often sufficient to induce a belief that there was collusion between the parties. *Bryant v. Dickerson & Adair,* 19 Ga. App. 80, 82 (90 SE 1027). See in this connection *Freeman v. State,* 130 Ga. App. 718, 720 (3) (204 SE2d 445).

4. A motion for mistrial based upon grounds of improper argument by the assistant district attorney is not meritorious inasmuch as the court instructed the jury to disregard this argument and advised the jury it was instructing the district attorney to refrain from making such statements. Thereafter the district attorney made another statement in regard to a conspiracy which was objected to, and the assistant district attorney withdrew the argument by stating he would not insist on it. The jury was again instructed to disregard the statement as having no bearing on the case at all. We find no manifest abuse of the court's discretion in denying the motion for mistrial and in its instruction following objection to the argument. *Jones v. State,* 128 Ga. App. 885, 886 (198 SE 2d 336); *Herrmann v. State,* 235 Ga. 400, 402 (220 SE2d 2).

5. The evidence here was sufficient to authorize the jury to return a verdict of guilty. See *Blackwell v. State,* 139 Ga. App. 477, 478 (228 SE2d 612); *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131); *Green v. State,* 123 Ga. App. 286, 287 (180 SE2d 564). The evidence did not demand a verdict in the defendant's favor. *Taylor v. State,* 128 Ga. App. 13 (195 SE2d 294). None of the enumerations of error which involves the weight and sufficiency of the evidence or the denial of a motion for a directed verdict of acquittal is meritorious.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

ARGUED MAY 23, 1977 — DECIDED JUNE 30, 1977.

*Charles W. Smith, Jr.,* for appellant.
*Jeff C. Wayne, District Attorney, James H. Whitmer, Assistant District Attorney,* for appellee.