## 56284. GOLDSMITH v. THE STATE.

McMurray, Judge.

Defendant was indicted on four counts of violating the Georgia Controlled Substances Act in that he knowingly and unlawfully obtained possession of a controlled substance by misrepresentation, fraud, forgery, deception and subterfuge, in violation of Code Ann. § 79A-822 (a) (3) (Ga. L. 1974, pp. 221, 252, since amended Ga. L. 1978, pp. 1668, 1678). Each count of the indictment alleges that defendant obtained the controlled substance eskatrol (dextroamphetamine) by use of a certain prescription forged in the name of C. William Brown, M. D., a practicing physician, and that defendant knowing the physician's name to be forged presented the prescription to a pharmacist thereby obtaining possession of the controlled substance. He was convicted and sentenced to serve eight years as to each of the four counts to be served concurrently. However, the sentences as to Counts 1 and 3 were probated upon the payment of a fine of $5,000 each as to Counts 1 and 3 and upon complying with certain conditions of probation. The sentences as to Counts 2 and 4 were suspended upon payment of a fine of $5,000 as to each of Counts 2 and 4. Motion for new trial was filed, amended and denied. Defendant appeals. *Held:*

1. The evidence was sufficient to support the verdict and to support the allegations of the indictment as to the manner in which the crimes were committed.

2. Defendant contends that the trial court erred in denying his pre-trial notice to produce and motions for discovery, arguing that two affidavits of Dr. Brown and photographs used in photographic "show-ups" to the dispensing pharmacists should have been made available to defendant prior to trial. The affidavits of Dr. Brown stated that he did not write or authorize the prescriptions

in question. Dr. Brown testified to these same facts, and although the affidavits were identified by the doctor at trial, they were neither read before the jury nor admitted into evidence. The photographs used to identify defendant in "show-ups" to the dispensing pharmacists were excluded from the evidence as irrelevant after defendant admitted presenting the prescriptions in question to the dispensing pharmacists.

While recognizing defendant's limited right to disclosure of exculpatory evidence in the possession of the prosecution under such cases as Brady v. Maryland, 373 U.S. 83 (83 SC 1194, 10 LE2d 215) and *Carter v. State,* 237 Ga. 617 (229 SE2d 411), we find that these items would not exculpate defendant, nor would they lessen his criminal liability. No discoverable items having been shown, the motion for continuance in order to examine same is moot. See *Carter v. State,* supra, at p. 619. We also recognize that pursuant to Code Ann. § 38-802 (Ga. L. 1966, pp. 502, 504), Code Ann. § 38-801 (g) (Ga. L. 1966, p. 502; 1968, pp. 434, 435, 1968, p. 1200) providing for notices to produce writing and tangible objects in lieu of subpoena is applicable to criminal cases. *Brown v. State,* 238 Ga. 98 (231 SE2d 65). Although it was proper that the affidavits and photographs should be produced at trial pursuant to defendant's notice, the defendant has not shown that the items were not produced at trial for his inspection.

3. Prior to trial, the state served upon defendant a notice to produce certain items at trial. Defendant moved to quash the state's notice to produce. The trial court ruled that defendant would be required to furnish upon the trial of the case the criminal arrest and conviction record of defendant's witnesses and a list of any items submitted for scientific analysis as well as a copy of any report of the results of such test. The record fails to disclose any compliance with this order or any harm to defendant. *Burnett v. State,* 240 Ga. 681 (242 SE2d 79); *Williams v. State,* 144 Ga. App. 42 (240 SE2d 311).

4. On cross examination defendant was questioned regarding other prescriptions for eskatrol he had written previous to those on which he is charged here. The defendant acknowledged that he had written these

previous prescriptions, signing the name of a physician to them and presenting them to various pharmacists. The defendant contends that the trial court erred in allowing the inquiry as to the previous prescriptions arguing that the testimony elicited was irrelevant, immaterial, and placed his character in issue.

Evidence which incidentally may place a criminal defendant's character in issue is admissible if independently relevant on the issues of motive, plan, intent, scheme, bent of mind and course of conduct. *Hanson v. State,* 143 Ga. App. 200, 201 (2) (237 SE2d 699); *Heard v. State,* 142 Ga. App. 703 (2) (236 SE2d 911).

Generally, evidence of independent crimes is inadmissible unless its relevance to the issues at trial outweighs its prejudicial impact. The testimony in question here shows a plan and course of conduct very similar to the scheme used in this case. There was no error in permitting this testimony. See *Hicks v. State,* 232 Ga. 393, 397 (207 SE2d 30).

5. Dr. Brown testified on the first day of trial and was excused. On the second day of trial the state recalled Dr. Brown. Defendant objected to the recall and moved that the proposed evidence be first presented to the court in limine in order that the court determine if the testimony was being offered for purposes of impeachment or if the evidence was, in fact, admissible. The refusal of the trial court to comply with defendant's request is enumerated as error. Dr. Brown's testimony did not impeach his former testimony. Nor do we find any reason that the trial court should have required the state to proffer the testimony to the court before submitting it to the jury. There was no abuse of discretion on the part of the trial judge and this enumeration of error is without merit. See *Coats v. State,* 234 Ga. 659, 661 (2) (217 SE2d 260).

6. The defendant enumerates as error the refusal of the trial court to allow him to assert the defense of involuntary drug addiction. Defendant testified that he had been addicted to eskatrol since approximately 1960. Under *McLaughlin v. State,* 236 Ga. 577 (224 SE2d 412), defendant's addiction to the drug presents no defense unless it results in involuntary intoxication within the meaning of Code § 26-704. Defendant urges that he was

involuntarily intoxicated by consumption of a substance through excusable ignorance, arguing that reliance upon the prescriptions from those doctors who had prescribed the drug for him had resulted in his addiction. It is clear, however, that under *Johnson v. State,* 235 Ga. 486, 489 (1) (220 SE2d 448), defendant must have been taking the drug as directed by a doctor's prescription. Here there is uncontradicted evidence that the quantity of this drug used by defendant was excessive. We find no error in the ruling of the trial court.

7. The trial court did not err in excluding from evidence a description sheet put out by the manufacturer describing the contents and effect of the product eskatrol. *Johnston v. Richmond &c. R. Co.,* 95 Ga. 685 (2), 687 (22 SE 694); *Isley v. Little,* 219 Ga. 23, 31 (18) (131 SE2d 623).

8. Dr. Brown testified the defendant had called and asked him to say that he authorized defendant to sign the prescriptions in question. When the state made further inquiries into the content of that conversation the defendant objected to two questions. The defendant now contends that the trial court erred in overruling his objections to these questions but with one exception he does not argue on this appeal the grounds of objection which he raised below. *Price v. State,* 142 Ga. App. 504, 505 (2) (236 SE2d 178). Defendant did argue in the trial court and again on this appeal that the questions were prejudicial but this objection was too general to preserve any issue for review on appeal. *Hendrix v. State,* 125 Ga. App. 327 (1) (187 SE2d 557).

9. The defendant contends the trial court erred in allowing certain queries regarding the business relationship between Dr. Brown and defendant. Defendant's objection to one of the questions contended that the question was "highly irregular, it's prejudicial, it's improper." In regard to another question defense counsel merely stated, "I object again. . ." These objections due to their generality, fail to preserve any issue for review on appeal. *Hendrix v. State,* 125 Ga. App. 327 (1), supra; *Mincey v. State,* 124 Ga. App. 315 (1) (183 SE2d 614); *Kent v. State,* 105 Ga. App. 312, 314 (2) (124 SE2d 296).

By no means can defendant's objections at trial be

construed to raise the issue which defendant now argues on appeal, that the questions placed his character in issue. See *Price v. State,* 142 Ga. App. 504 (2), supra.

10. Defendant contends that he was substantially prejudiced and deprived of a fair trial as a result of the prosecuting attorney's misconduct throughout the trial of this case. Defendant supports his contention by reference to the half dozen or more incidents at trial which he argues had the cumulative effect of appealing to the passions and prejudices of the jury and of the trial court. Defendant states that the defense of this case was prejudiced by the district attorney's actions and remarks. The state in prosecuting the criminal defendant will not be permitted to appeal to the passions or prejudices of the jury. However, it is the duty of the district attorney to use all of his skill and ability in presenting the state's case. Rules of evidence and procedure exist in order to insure a fair and impartial trial to all parties. Several of the incidents referred to by defendant in support of his contentions have been raised by defendant's other enumerations of error as breaches of procedural rules or rules concerning admission of evidence. In each incident the enumeration of error has been found meritless. Neither the remaining incidents referred to by defendant nor the cumulative effect of all the incidents mentioned support defendant's contention of misconduct on the part of the district attorney. That the jury has been prejudiced by evidence or argument does not alone substantiate a contention of error. It must also be shown that the evidence or argument was improperly placed before the jury. This enumeration of error is without merit.

11. Defendant testified that Dr. Brown authorized him to sign his name. This made conspiracy an issue at the trial, and the trial court did not err in charging conspiracy even though it was not alleged in the indictment. See *Montgomery v. State,* 128 Ga. App. 116, 117 (3) (195 SE2d 784); *Flannigan v. State,* 139 Ga. App. 590 (2) (229 SE2d 98); *Farley v. State,* 145 Ga. App. 98, 103 (6) (243 SE2d 322).

12. The defendant enumerates as error the refusal of the trial court to give his requested charges on forgery and on justification. The requested charges were properly

refused as they were not adjusted to the facts of this case. *Johnson v. State,* 143 Ga. App. 160, 162 (4) (237 SE2d 605); *Keith v. State,* 138 Ga. App. 239 (2) (225 SE2d 719).

13. Relying upon *Miller v. State,* 141 Ga. App. 382, 383 (233 SE2d 460), the defendant contends that only one sentence could be imposed and that the trial court erred in imposing multiple sentences because the dates upon which defendant allegedly passed the prescriptions in question were not particularized. In this case the dates of the presentation of the various prescriptions is not the only method of particularizing each specific act of unlawful conduct. In this case each count of the indictment was based on a separate and specific prescription which served to set each count apart and identify it as separate from the other three. Therefore, *Miller v. State,* supra, at p. 383, and cases cited, relied upon by defendant, is not controlling, and the trial court did not err in imposing more than one sentence upon defendant.

14. The remaining enumerations of error are without merit.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

ARGUED SEPTEMBER 5, 1978 — DECIDED JANUARY 9, 1979 — REHEARING DENIED JANUARY 29, 1979 —

*Edwin Marger, Robert O. Davies,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald J. Stein, Gordon H. Miller, Assistant District Attorneys,* for appellee.