67753. PURDUE v. THE STATE.

QUILLIAN, Presiding Judge.
The defendant appeals the revocation of his probation. *Held*:
1. The defendant was charged with violation of his probation conditions as follows: "by failing to take antabuse as directed, by failing to participate in the alcohol counseling program as directed, by failing to report to his Probation Supervisor as directed and by consuming alcoholic beverages on August 3, 1983."
The evidence was sufficient to establish the defendant violated the terms of his probationary sentence.
2. It is contended that, because the defendant was an alcoholic, his intoxication was not voluntary and could not serve as a basis to revoke his probation.
This issue has been decided adversely to defendant's contention by this court and the Supreme Court. See *Grimes v. Burch,* 223 Ga. 856 (159 SE2d 69); *McLaughlin v. State,* 236 Ga. 577, 579 (4) (224 SE2d 412); *Goldsmith v. State,* 148 Ga. App. 786, 788 (6) (252 SE2d 657); *Ford v. State,* 164 Ga. App. 620 (1) (298 SE2d 327). As succinctly held in *McLaughlin v. State,* 236 Ga. 577, 580, supra, chronic alcoholism does not constitute involuntary intoxication within the meaning of former Code Ann. § 26-704 (now OCGA § 16-3-4).
*Judgment affirmed. Birdsong and Carley, JJ., concur.*

DECIDED FEBRUARY 27, 1984.

*Robert M. Bearden, Jr.,* for appellant.
*Willis B. Sparks III, District Attorney, Thomas J. Matthews, G. F. Peterman III, Assistant District Attorneys,* for appellee.