## A95A0351. HEWATT v. THE STATE.
### (455 SE2d 104)

BIRDSONG, Presiding Judge.

Kenneth Hewatt appeals his judgment of conviction of two counts of burglary and the sentence. Appellant was found guilty in a non-jury trial of one count of burglary with intent to commit aggravated assault and one count of burglary with intent to commit terroristic threats; the trial court merged both convictions for purposes of sentencing. Appellant enumerates as error that the trial court erred in finding the evidence adduced at trial was sufficient to support the verdict, as a matter of law, and that the trial court erred in denying appellant's new trial motion based on the general grounds. *Held:*

1. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). It lies within the province of the factfinder to judge witness credibility and to weigh the evidence. The test established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) "is the proper test for

us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence." *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436).

2. OCGA § 16-7-1 (a) pertinently provides that "[a] person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another . . . or any room or any part thereof." OCGA § 16-11-37 (a) provides that "[a] person commits the offense of a terroristic threat when he threatens to commit any crime of violence or to burn or damage property with the purpose of terrorizing another or of causing the evacuation of a building, place of assembly, or facility of public transportation or otherwise causing serious public inconvenience, or in reckless disregard of the risk of causing such terror or inconvenience. No person shall be convicted under this subsection on the uncorroborated testimony of the party to whom the threat is communicated." OCGA § 16-5-21 promulgates the statutory prohibition against aggravated assault.

Appellant previously had broken into the victim's home, put a gun to her throat, raped her and committed aggravated sodomy against her; she gave a statement to the police and appellant pled guilty of rape and burglary. Subsequent to his release from prison the police had a "be on the lookout" (BOLO) alert on appellant as allegedly he had threatened revenge on both the female victim and the police. On the night of the incident, appellant, who had been drinking at the "Follies" (a so-called "strip joint" or "nudie" bar), went to the female victim's home at approximately 3:30 a.m. and attempted to crawl into a window of her house thereby breaking the plane of the structure with a portion of his body. See generally *Hayes v. State*, 193 Ga. App. 33, 35 (4) (387 SE2d 139); *Mullinnix v. State*, 177 Ga. App. 168 (338 SE2d 752). A male friend of the female victim heard the noise and, armed with a baseball bat, advanced upon appellant swinging the bat. The friend previously had been shown a picture of appellant by the police and warned about him. Although unarmed, appellant threatened to kill the male friend; but apparently when the friend asked the victim to call "911," appellant became frightened and fled. Appellant's car became stuck on some railroad ties as he tried to back up. The victim called the emergency police number, and appellant was arrested in a neighbor's yard.

The requisite intent necessary for commission of burglary, pursuant to OCGA § 16-7-1 (a), need not be formed at the precise moment of entry, but can be formed thereafter while the perpetrator is remaining on the premises. *Keith v. State*, 138 Ga. App. 239 (2) (225 SE2d 719). Moreover, "[i]ntent may be inferred from, and usually of

necessity must be proved by, circumstantial evidence." *Dworkin v. State*, 210 Ga. App. 461, 462 (436 SE2d 665). Whether the circumstantial evidence adduced at trial was sufficient to prove the requisite intent necessary for each count of burglary was a question of fact for the factfinder.

Additionally, the unrefuted evidence is that appellant attempted to flee the crime scene. " 'Flight is circumstantial evidence of consciousness of guilt' and the weight to be given such evidence is for the [factfinder] to decide; the fact that a suspect flees the crime scene points to the question of guilt in a circumstantial manner." *Campbell v. State*, 215 Ga. App. 14, 15 (1) (449 SE2d 366).

To support the verdict, circumstantial evidence must only exclude reasonable hypotheses; it need not exclude every inference or hypothesis except that of the defendant's guilt. *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662). Viewing the evidence of this case in a light most favorable to the verdict, we conclude that the factfinder rationally could have found that it excluded every reasonable hypothesis except that of the defendant's guilt. The determination of whether other hypotheses have been excluded is primarily a factfinder's function. *Murdix v. State*, 250 Ga. 272, 274 (1) (297 SE2d 265). Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of each of the burglary offenses of which convicted. *Jackson v. Virginia*, supra.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED MARCH 8, 1995.

B. Thomas Cook, Jr., for appellant.
*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney,* for appellee.

