A08A0752. JONES v. THE STATE.

(661 SE2d 651)

SMITH, Presiding Judge.

A jury found Brandon Jones guilty of burglary, two counts of making a terroristic threat, and hindering a law enforcement officer. Jones appeals and contends that insufficient evidence supports his burglary and terroristic threats convictions. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, the record shows that the victim was at home alone when she heard someone yell "woo" outside. She called her sister, asked her to come, and then dialed 911 but did not hit send. The victim heard glass breaking and her "door coming down" while she was in the hallway of her home. Jones then came around a corner and stood "face to face" with the victim. She told Jones to get out of her house, and he replied that

---

someone was after him and he needed help. When the victim "called 911," Jones told her "he was going to hurt me and kill me." The victim ran to her room and locked the door. The victim then talked with a 911 operator while Jones tried to kick down the bedroom door. When the victim told him to leave her alone, he replied that his name was Lamar Jones and that he was a Bartow County Sheriff. The victim then heard glass breaking in an adjacent bedroom. The victim remained in the bedroom until the police arrived and apprehended Jones.

1. Jones contends insufficient evidence supports his burglary conviction. The State charged Jones with committing burglary by entering "without authority and with the intent to commit criminal damage to property in the second degree therein." See OCGA § 16-7-1 (a). Criminal damage to property in the second degree is defined as intentionally damaging another's property in an amount exceeding $500. OCGA § 16-7-23. Jones contends the State presented insufficient evidence of his intent to cause criminal damage when he entered the victim's home based on his testimony that he entered the home to seek shelter.

We find no merit in this contention. The intent necessary for the commission of burglary

> need not be formed at the precise moment of entry, but can be formed thereafter while the perpetrator is remaining on the premises. Moreover, intent may be inferred from, and usually of necessity must be proved by, circumstantial evidence. Whether the circumstantial evidence adduced at trial was sufficient to prove the requisite intent necessary for each count of burglary was a question of fact for the factfinder.

(Citation and punctuation omitted.) *Hewatt v. State*, 216 Ga. App. 550, 551-552 (2) (455 SE2d 104) (1995). In this case, the State presented evidence that Jones caused damage to the victim's home in the amount of $13,540. We find this evidence sufficient to support Jones's burglary conviction under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Jones contends that insufficient evidence supports his terroristic threats convictions because the victim's testimony was not corroborated.

> A person commits the offense of a terroristic threat when he or she threatens to commit any crime of violence . . . with the purpose of terrorizing another. . . . No person shall be

convicted [of the offense] on the uncorroborated testimony of the party to whom the threat is communicated.

OCGA § 16-11-37 (a).

Slight circumstances may provide sufficient corroborating evidence. The quantum of corroboration need not in itself be sufficient to convict, but need only be that amount of independent evidence which tends to prove that the incident occurred as alleged. . . . Corroboration can . . . consist of the victim's demeanor after the threat is communicated.

(Citations and punctuation omitted.) *Nelson v. State*, 277 Ga. App. 92, 97 (1) (c) (625 SE2d 465) (2005). In this case, police officers described the victim as "very distraught" and crying from "severe fright" when they arrived on the scene. We find this evidence sufficient to fulfill the State's burden of corroboration. Id.; see also *Pringle v. State*, 281 Ga. App. 235, 238 (1) (a) (635 SE2d 839) (2006).
  *Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED APRIL 24, 2008.

*Jennifer R. Brock*, for appellant.
  *T. Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney*, for appellee.