(Slip Opinion) OCTOBER TERM, 2018 1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## QUARLES *v.* UNITED STATES

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

No. 17–778. Argued April 24, 2019—Decided June 10, 2019

When petitioner Jamar Quarles pled guilty to being a felon in possession of a firearm in violation of 18 U. S. C. §922(g)(1), he also appeared to qualify for enhanced sentencing under the Armed Career Criminal Act because he had at least three prior "violent felony" convictions, §924(e). He claimed, however, that a 2002 Michigan conviction for third-degree home invasion did not qualify, even though §924(e) defines "violent felony" to include "burglary," and the generic statutory term "burglary" means "unlawful or unprivileged entry into, *or remaining in*, a building or structure, with intent to commit a crime," *Taylor* v. *United States*, 495 U. S. 575, 599 (emphasis added). Quarles argued that Michigan's third-degree home invasion statute— which applies when a person "breaks and enters a dwelling or enters a dwelling without permission and, *at any time* while he or she is entering, *present in*, or exiting the dwelling, commits a misdemeanor," Mich. Comp. Laws Ann. §750.110a(4)(a) (emphasis added)—swept too broadly. Specifically, he claimed, it encompassed situations where the defendant forms the intent to commit a crime *at any time* while unlawfully remaining in a dwelling, while generic remaining-in burglary occurs only when the defendant has the intent to commit a crime *at the exact moment* when he or she *first* unlawfully remains in a building or structure. The District Court rejected that argument, and the Sixth Circuit affirmed.

*Held*:

1. Generic remaining-in burglary occurs under §924(e) when the defendant forms the intent to commit a crime at any time while unlawfully remaining in a building or structure. In ordinary usage, "remaining-in" refers to a continuous activity, and this Court has followed that ordinary meaning in analogous legal contexts, see, *e.g.,*

Syllabus

*United States* v. *Cores*, 356 U. S. 405, 408. Those contexts thus inform the interpretation of "remaining-in" burglary in §924(e): The common understanding of "remaining in" as a continuous event means that burglary occurs for purposes of §924(e) if the defendant forms the intent to commit a crime *at any time* during the continuous event of unlawfully remaining in a building or structure. The intent to commit a crime must be contemporaneous with unlawful entry or remaining, but the defendant's intent *is* contemporaneous with the unlawful remaining so long as the defendant forms the intent at any time while unlawfully remaining. That conclusion is supported by the body of state law as of 1986, when Congress enacted §924(e). Quarles' narrow interpretation makes little sense in light of Congress' rationale for specifying burglary as a violent felony. Congress "singled out burglary" because of its "inherent potential for harm to persons," *Taylor*, 495 U. S., at 588, and the possibility of a violent confrontation does not depend on the exact moment when the burglar forms the intent to commit a crime while unlawfully present in a building or structure. Quarles' interpretation would also thwart the stated goals of the Armed Career Criminal Act by presumably eliminating many States' burglary statutes as predicate offenses under §924(e). Pp. 3–9.

    2. For the Court's purposes here, the Michigan home-invasion statute substantially corresponds to or is narrower than generic burglary. The conclusion that generic remaining-in burglary occurs when the defendant forms the intent to commit a crime at any time while unlawfully remaining in a building or structure resolves this case. When deciding whether a state law is broader than generic burglary, the state law's "exact definition or label" does not control. *Taylor,* 495 U. S., at 599. So long as the state law in question "substantially corresponds" to (or is narrower than) generic burglary, the conviction qualifies. *Ibid*. Pp. 9–10.

 850 F. 3d 836, affirmed.

    KAVANAUGH, J., delivered the opinion for a unanimous Court. THOMAS, J., filed a concurring opinion.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

_____

### No. 17–778

_____

## JAMAR ALONZO QUARLES, PETITIONER *v.* UNITED STATES

### ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

### [June 10, 2019]

JUSTICE KAVANAUGH delivered the opinion of the Court.

Section 924(e) of Title 18, also known as the Armed Career Criminal Act, mandates a minimum 15-year prison sentence for a felon who unlawfully possesses a firearm and has three prior convictions for a "serious drug offense" or "violent felony." Section 924(e) defines "violent felony" to include "burglary." Under this Court's 1990 decision in *Taylor* v. *United States*, 495 U. S. 575, the generic statutory term "burglary" means "unlawful or unprivileged entry into, *or remaining in*, a building or structure, with intent to commit a crime." *Id.*, at 599 (emphasis added).

The exceedingly narrow question in this case concerns remaining-in burglary. The question is whether remaining-in burglary (i) occurs only if a person has the intent to commit a crime *at the exact moment* when he or she *first* unlawfully remains in a building or structure, or (ii) more broadly, occurs when a person forms the intent to commit a crime *at any time* while unlawfully remaining in a building or structure. For purposes of §924(e), we conclude that remaining-in burglary occurs when the defendant forms the intent to commit a crime *at any time* while unlawfully

remaining in a building or structure. We affirm the judg-
ment of the U. S. Court of Appeals for the Sixth Circuit.

I

On August 24, 2013, police officers in Grand Rapids,
Michigan, responded to a 911 call. When the officers
arrived at the scene, the caller, Chasity Warren, told the
officers that she had just escaped from her boyfriend,
Jamar Quarles. Warren said that Quarles had threatened
her at gunpoint and also hit her. While the police officers
were speaking with Warren, Quarles drove by. The offic-
ers then arrested Quarles and later searched his house.
Inside they found a semiautomatic pistol.

Quarles pled guilty to being a felon in possession of a
firearm in violation of 18 U. S. C. §922(g)(1). Quarles had
at least three prior convictions that appeared to qualify as
violent felonies under the Armed Career Criminal Act, 18
U. S. C. §924(e). Those three convictions were: (1) a 2002
Michigan conviction for third-degree home invasion stem-
ming from an attempt to chase down an ex-girlfriend who
had sought refuge in a nearby apartment; (2) a 2004 Mich-
igan conviction for assault with a dangerous weapon based
on an incident where Quarles held a gun to the head of
another ex-girlfriend and threatened to kill her; and (3) a
2008 Michigan conviction for assault with a dangerous
weapon arising from an altercation with another man and
that same ex-girlfriend in which Quarles shot at the man.

In the sentencing proceedings for his federal felon-in-
possession offense, Quarles argued that his 2002 Michigan
conviction for third-degree home invasion did not qualify
as a burglary under §924(e). Under this Court's prece-
dents, the District Court had to decide whether the Michi-
gan statute under which Quarles was convicted in 2002
was broader than the generic definition of burglary set
forth in *Taylor* (in which case the conviction would not
qualify as a prior conviction under §924(e)) or, instead,

whether the Michigan statute "substantially corre-spond[ed]" to or was narrower than the generic definition of burglary set forth in *Taylor*. 495 U. S., at 602. To reiterate, *Taylor* interpreted burglary under §924(e) to mean "unlawful or unprivileged entry into, *or remaining in*, a building or structure, with intent to commit a crime." *Id.*, at 599 (emphasis added).

Under the Michigan law at issue here, a person commits third-degree home invasion if he or she "breaks and enters a dwelling or enters a dwelling without permission and, *at any time* while he or she is entering, *present in*, or exiting the dwelling, commits a misdemeanor." Mich. Comp. Laws Ann. §750.110a(4)(a) (West 2004) (emphasis added). Quarles argued to the District Court that the Michigan third-degree home invasion statute swept too broadly to qualify as burglary under §924(e) because the Michigan statute encompassed situations where the defendant forms the intent to commit a crime *at any time* while unlawfully remaining in a dwelling, not *at the exact moment* when the defendant is *first* unlawfully present in a dwelling. The District Court rejected that argument and sentenced Quarles to 17 years in prison. The Sixth Circuit affirmed. 850 F. 3d 836, 840 (2017). We granted certiorari in light of a Circuit split on the question of how to assess state remaining-in burglary statutes for purposes of §924(e). 586 U. S. \_\_\_ (2019).

## II

Section 924(e) lists "burglary" as a qualifying predicate offense for purposes of the Armed Career Criminal Act. But §924(e) does not define "burglary." The question here is how to define "burglary" under §924(e). We do not write on a clean slate. See *Taylor*, 495 U. S., at 599.

At common law, burglary was confined to unlawful breaking and entering a dwelling at night with the intent to commit a felony. See, *e.g.*, 4 W. Blackstone, Commen-

taries on the Laws of England 224 (1769).  But by the time
Congress passed and President Reagan signed the current
version of §924(e) in 1986, state burglary statutes had
long since departed from the common-law formulation.
See *Taylor*, 495 U. S., at 593–596.  In addition to casting
off relics like the requirement that there be a breaking, or
that the unlawful entry occur at night, a majority of States
by 1986 prohibited unlawfully "remaining in" a building
or structure with intent to commit a crime.  Those
remaining-in statutes closed a loophole in some States'
laws by extending burglary to cover situations where a per-
son enters a structure lawfully but stays unlawfully—for
example, by remaining in a store after closing time with-
out permission to do so.

   In the 1990 *Taylor* decision, this Court interpreted the
term "burglary" in §924(e) in accord with the more expan-
sive understanding of burglary that had become common
by 1986: "We believe that Congress meant by 'burglary'
the generic sense in which the term is now used in the
criminal codes of most States."  495 U. S., at 598.  The
Court concluded that generic burglary under §924(e)
means "unlawful or unprivileged entry into, *or remaining
in*, a building or structure, with intent to commit a crime."
*Id*., at 599 (emphasis added).  A defendant's prior convic-
tion under a state statute qualifies as a predicate burglary
under §924(e) if the state statute—regardless of its "exact
definition or label"—"substantially corresponds" to or is
narrower than the generic definition of burglary.  *Id.,* at
599, 602.

   In this case, we must determine the scope of generic
remaining-in burglary under *Taylor*—in particular, the
timing of the intent requirement.  Quarles argues that
remaining-in burglary occurs only when the defendant has
the intent to commit a crime *at the exact moment* when he
or she *first* unlawfully remains in a building or structure.
The Government argues for a broader definition of

remaining-in burglary. According to the Government, remaining-in burglary occurs when the defendant forms the intent to commit a crime *at any time* while unlawfully present in a building or structure. We agree with the Government.

As noted, *Taylor* interpreted generic burglary under §924(e) to include remaining-in burglary. *Id.*, at 599. In ordinary usage, "remaining in" refers to a continuous activity. See *United States* v. *Cores*, 356 U. S. 405, 408 (1958); see also Webster's New International Dictionary 2106 (2d ed. 1949); 8 Oxford English Dictionary 418 (1933). This Court has followed that ordinary meaning in analogous legal contexts. For example, when interpreting a federal criminal statute punishing any "'alien crewman who willfully remains in the United States in excess of the number of days allowed,'" the Court stated that "the crucial word 'remains' permits no connotation other than continuing presence." *Cores*, 356 U. S., at 408. The law of trespass likewise proscribes remaining on the land of another without permission. In that context, the term "remain" refers to "a continuing trespass for the entire time during which the actor wrongfully remains." Restatement (Second) of Torts §158, Comment m, p. 280 (1965).

Those interpretations of "remaining in" in analogous areas of the law inform our interpretation of "remaining-in" burglary in §924(e). In particular, the common understanding of "remaining in" as a continuous event means that burglary occurs for purposes of §924(e) if the defendant forms the intent to commit a crime *at any time* during the continuous event of unlawfully remaining in a building or structure. To put it in conventional criminal law terms: Because the *actus reus* is a continuous event, the *mens rea* matches the *actus reus* so long as the burglar forms the intent to commit a crime at any time while unlawfully present in the building or structure.

Quarles insists, however, that to constitute a burglary

under §924(e), the intent to commit a crime must be contemporaneous with unlawful entry or remaining. That is true. But the defendant's intent *is* contemporaneous with the unlawful remaining so long as the defendant forms the intent at any time while unlawfully remaining. Put simply, for burglary predicated on unlawful *entry*, the defendant must have the intent to commit a crime at the time of entry. For burglary predicated on unlawful *remaining*, the defendant must have the intent to commit a crime at the time of remaining, which is any time during which the defendant unlawfully remains.

That conclusion is supported by the States' laws as of 1986 when Congress enacted §924(e). As of 1986, a majority of States proscribed remaining-in burglary. At that time, there was not much case law addressing the precise timing of the intent requirement for remaining-in burglary. That is presumably because in most remaining-in burglaries, the defendant has the intent to commit a crime when he or she first unlawfully remains in a building or structure. The timing issue arises only in the rarer cases where the defendant forms the intent to commit a crime only after unlawfully remaining in the building or structure for a while. In any event, for present purposes, the important point is that all of the state appellate courts that had definitively addressed this issue as of 1986 had interpreted remaining-in burglary to occur when the defendant forms the intent to commit a crime at any time while unlawfully present in the building or structure. See *Gratton* v. *State*, 456 So. 2d 865, 872 (Ala. Crim. App. 1984); *State* v. *Embree*, 130 Ariz. 64, 66, 633 P. 2d 1057, 1059 (App. 1981); *Keith* v. *State*, 138 Ga. App. 239, 225 S. E. 2d 719, 720 (1976); *State* v. *Mogenson*, 10 Kan. App. 2d 470, 472–476, 701 P. 2d 1339, 1343–1345 (1985); *State* v. *Papineau*, 53 Ore. App. 33, 38, 630 P. 2d 904, 906–907

(1981).[1]

Especially in light of the body of state law as of 1986, it is not likely that Congress intended generic burglary under §924(e) to *include* (i) a burglar who intends to commit a crime at the exact moment when he or she first unlawfully remains in a building or structure, but to *exclude* (ii) a burglar who forms the intent to commit a crime at any time while unlawfully remaining in a building or structure.

Indeed, excluding that latter category of burglaries from generic burglary under §924(e) would make little sense in light of Congress' rationale for specifying burglary as a violent felony. As the Court recognized in *Taylor*, Congress "singled out burglary" because of its "inherent potential for harm to persons." 495 U. S., at 588. Burglary is dangerous because it "creates the possibility of a violent

———————

[1] The consensus position has not changed. Today, of the States that have addressed the question, at least 18 have adopted the "at any time" interpretation of remaining-in burglary, and only 3 appear to have adopted the narrower interpretation.

Of those 18 States, some have adopted the broader "at any time" interpretation by statute. See Colo. Rev. Stat. §18–4–201(3) (2018); Del. Code Ann., Tit. 11, §829(e) (2015); Haw. Rev. Stat. Ann. §708–812.5 (2014); Mich. Comp. Laws Ann. §750.110a(4)(a) (West 2004); Minn. Stat. §§609.581(4), 609.582(3) (2016); Mont. Code Ann. §45–6–204(1) (2017); Tenn. Code Ann. §39–14–402(a)(3) (2018); Tex. Penal Code Ann. §30.02(a)(3) (West 2019). And in addition to the five pre-1986 state-court decisions identified in the text above, at least five post-1986 state-court decisions have adopted the "at any time" interpretation of "remaining in." See *Braddy* v. *State*, 111 So. 3d 810, 844 (Fla. 2012) (*per curiam*); *State* v. *Walker*, 600 N. W. 2d 606, 609 (Iowa 1999); *State* v. *DeNoyer*, 541 N. W. 2d 725, 732 (S. D. 1995); *State* v. *Rudolph*, 970 P. 2d 1221, 1228–1229 (Utah 1998); *State* v. *Allen*, 127 Wash. App. 125, 135, 110 P. 3d 849, 853–855 (2005).

By contrast, three state courts appear to have adopted the narrower interpretation. *Shetters* v. *State*, 751 P. 2d 31, 36, n. 2 (Alaska App. 1988); *People* v. *Gaines*, 74 N. Y. 2d 358, 361–363, 546 N. E. 2d 913, 915–916 (1989); *In re J. N. S.*, 258 Ore. App. 310, 318–319, 308 P. 3d 1112, 1117–1118 (2013).

confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate." *Ibid.*; see also *United States* v. *Stitt,* 586 U. S. ___, ___ (2018) (slip op., at 6).

With respect to remaining-in burglary, the possibility of a violent confrontation does not depend on the exact moment when the burglar forms the intent to commit a crime while unlawfully present in a building or structure. Once an intruder is both unlawfully present inside a building or structure and has the requisite intent to commit a crime, all of the reasons that led Congress to include burglary as a §924(e) predicate fully apply. The dangers of remaining-in burglary are not tied to the esoteric question of precisely when the defendant forms the intent to commit a crime. That point underscores that Congress, when enacting §924(e) in 1986, would not have understood the meaning of burglary to hinge on exactly when the defendant forms the intent to commit a crime while unlawfully present in a building or structure.

Moreover, to interpret remaining-in burglary narrowly, as Quarles advocates, would thwart the stated goals of the Armed Career Criminal Act. After all, most burglaries involve unlawful entry, not unlawful remaining in. Yet if we were to narrowly interpret the remaining-in category of generic burglary so as to require that the defendant have the intent to commit a crime at the exact moment he or she first unlawfully remains, then many States' burglary statutes would be broader than generic burglary. As a result, under our precedents, many States' burglary statutes would presumably be eliminated as predicate offenses under §924(e). That result not only would defy common sense, but also would defeat Congress' stated objective of imposing enhanced punishment on armed career criminals who have three prior convictions for burglary or other violent felonies. We should not lightly conclude that Congress enacted a self-defeating statute. See, *e.g., Stokeling*

v. *United States*, 586 U. S. ___, ___ (2019) (slip op., at 8); *Taylor*, 495 U. S., at 594.

To sum up: The Armed Career Criminal Act does not define the term "burglary." In *Taylor*, the Court explained that "Congress did not wish to specify an exact formulation that an offense must meet in order to count as 'burglary' for enhancement purposes." *Id.*, at 599. And the Court recognized that the definitions of burglary "vary" among the States. *Id.*, at 598. The *Taylor* Court therefore interpreted the generic term "burglary" in §924(e) in light of: the ordinary understanding of burglary as of 1986; the States' laws at that time; Congress' recognition of the dangers of burglary; and Congress' stated objective of imposing increased punishment on armed career criminals who had committed prior burglaries. Looking at those sources, the *Taylor* Court interpreted generic burglary under §924(e) to encompass remaining-in burglary. Looking at those same sources, we interpret remaining-in burglary under §924(e) to occur when the defendant forms the intent to commit a crime at any time while unlawfully present in a building or structure.

## III

In light of our conclusion that generic remaining-in burglary occurs when the defendant forms the intent to commit a crime at any time while unlawfully remaining in a building or structure, Quarles' case is easily resolved. The question in Quarles' case is whether the Michigan home-invasion statute under which he was convicted in 2002 is broader than generic burglary or, instead, "substantially corresponds" to or is narrower than generic burglary. *Id.*, at 602. Regarding that inquiry, the *Taylor* Court cautioned courts against seizing on modest state-law deviations from the generic definition of burglary. A state law's "exact definition or label" does not control. *Id.*, at 599. As the Court stated in *Taylor*, so long as the state

law in question "substantially corresponds" to (or is nar-
rower than) generic burglary, the conviction qualifies
under §924(e). *Id.,* at 602.

As stated above, generic remaining-in burglary occurs
under §924(e) when the defendant forms the intent to
commit a crime at any time while unlawfully remaining in
a building or structure. For the Court's purposes here, the
Michigan statute substantially corresponds to or is nar-
rower than generic burglary.[2]

*             *             *

We affirm the judgment of the U. S. Court of Appeals for
the Sixth Circuit.

*It is so ordered.*

_____

[2] In his brief, Quarles alternatively suggests that Michigan's home-
invasion statute actually does not require that the defendant have *any*
intent to commit a crime at *any* time while unlawfully present in a
dwelling. Brief for Petitioner 9. Quarles offers no support for his
suggestion that there is no *mens rea* requirement. In any event,
Quarles did not preserve that argument, and we do not address it.

# SUPREME COURT OF THE UNITED STATES

————————

No. 17–778

————————

## JAMAR ALONZO QUARLES, PETITIONER *v.* UNITED STATES

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE SIXTH CIRCUIT

[June 10, 2019]

JUSTICE THOMAS, concurring.

I join the opinion of the Court because it correctly applies our precedent requiring a "categorical approach" to the enumerated-offenses clause of the Armed Career Criminal Act (ACCA). I write separately to question this approach altogether.

This case demonstrates the absurdity of applying the categorical approach to the enumerated-offenses clause. The categorical approach relies on a comparison of the crime of conviction and a judicially created ideal of burglary. But this ideal is starkly different from the reality of petitioner's actual crime: Petitioner attempted to climb through an apartment window to attack his ex-girlfriend.

More importantly, there are strong reasons to suspect that the categorical approach described in *Taylor* v. *United States*, 495 U. S. 575 (1990), is not compelled by ACCA's text but was rather a misguided attempt to avoid Sixth Amendment problems. See *Sessions* v. *Dimaya*, 584 U. S. \_\_\_, \_\_\_–\_\_\_ (2018) (THOMAS, J., dissenting) (slip op., at 21–23). Under our precedent, any state burglary statute with a broader definition than the one adopted in *Taylor* is categorically excluded simply because other conduct might be swept in at the margins. It is far from obvious that this is the best reading of the statute. A jury could readily determine whether a particular conviction

satisfied the federal definition of burglary or instead fell outside that definition.  See *Ovalles* v. *United States*, 905 F. 3d 1231, 1258–1260 (CA11 2018) (W. Pryor, J., concurring).  Moreover, allowing a jury to do so would end the unconstitutional judicial factfinding that occurs when applying the categorical approach.  See*, e.g., Dimaya*, *supra,* at ___–___ (opinion of THOMAS, J.) (slip op., at 22–23); *Mathis* v. *United States*, 579 U. S. ___, ___ (2016) (THOMAS, J., concurring) (slip op., at 2); *Descamps* v. *United States*, 570 U. S. 254, 280 (2013) (THOMAS, J., concurring in judgment); *James* v. *United States*, 550 U. S. 192, 231–232 (2007) (THOMAS, J., dissenting); *Shepard* v. *United States*, 544 U. S. 13, 26–28 (2005) (THOMAS, J., concurring in part and concurring in judgment).

Of course, addressing this issue would not help petitioner: He has not preserved a Sixth Amendment challenge. Moreover, any reasonable jury reviewing the record here would have concluded that petitioner was convicted of burglary, so any error was harmless.

*    *    *

Because the categorical approach employed today is difficult to apply and can yield dramatically different sentences depending on where a burglary occurred, the Court should consider whether its approach is actually required in the first place for ACCA's enumerated-offenses clause.  With these observations, I join the opinion of the Court.